JONAS SALTZMAN, Respondent, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

*Railroad — personal injury — a case for the jury — evidence of a surgeon.*

On the trial of an action brought to recover damages for injuries sustained, it was claimed, on behalf of the plaintiff and denied by the defendant, that the defendant received the plaintiff upon its car, which was so crowded on the inside that he was finally crowded to one side of the platform and then to the step ; and then by reason of the jolting of the car the plaintiff was thrown from the platform and injured.

*Held,* that the case was a proper one for the jury.

In such an action it is proper to permit a surgeon to testify that, in his opinion, the injury received was liable to grow worse.

APPEAL by the defendant, the Brooklyn City Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of May, 1893, upon the verdict of a jury for $1,000, rendered at the Kings County Circuit, and also from an order entered in said clerk's office on the 24th day of May, 1893, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Morris & Whitehouse,* for the appellant.

*Julius Klamp,* for the respondent.

BARNARD, P. J.:

On the 14th of March, 1892, the defendant received the plaintiff upon its car, which was entirely filled inside, so that he was compelled to stand upon the platform in the rear. The car stopped at frequent intervals to receive more passengers, so that the plaintiff was crowded to one side of the platform and then to the step. At this time the horses attached to the car began to run faster and the car jounced up and down so that the plaintiff was thrown from the platform and injured. Under these facts, proven by the plaintiff and denied by the defendant, the case was one for the jury. (*Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556.)

The very statement of the facts presents a case where the contributory negligence upon plaintiff's part shows a case for the jury. This is the general rule, and the particular facts in the case furnish no exceptions to its appliance here. Assuming the facts as necessarily found by the jury, there is no basis for even a question as to the plaintiff's negligence. He got upon the car at defendant's invitation as a passenger, and it was so overloaded that he was forced to stand upon the step. While in this insecure position, the defendant increased the speed of its car so as to jolt the passenger from his standing place, whereby he was injured.

It was proper to permit the surgeon to answer that, in his opinion, the injury was liable to grow worse. (*Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.