CHARLES A. GLYN, Plaintiff, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, Defendant.

*Failure of a street car driver to stop his car when directed — when not the cause of an accident.*

The negligent act of the driver of a street car, in failing to stop the car at a point at which a passenger desired to alight, cannot be said to be the cause of an accident whereby such passenger sustained injuries, if the passenger was safely standing on the platform of the car in a place of safety at the time the car, without stopping, passed the point at which he desired to alight, and if he made no attempt to get off the car at that place, and was afterwards injured by reason of his going onto the platform of the car and being crowded by other passengers there onto the step and off the car.

MOTION by the plaintiff, Charles A. Glyn, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit on the 14th day of October, 1894.

*Theodore N. Melvin,* for the plaintiff.

*Wm. S. Cogswell,* for the defendant.

PARKER, J.:

In March, 1892, the plaintiff was a passenger on a car of defendant proceeding through Madison avenue. When nearing Fifty-sixth street plaintiff notified the conductor of his desire to leave the car at that street. At this time he was inside of the car and seated. The conductor thereupon rang the bell for the driver to stop, and plaintiff moved out from the inside of the car to the rear platform and stood by the side of the conductor. The car did not slow up when it reached Fifty-sixth street, nor did it stop after crossing it, and the plaintiff testifies : "When I found that the car did not stop I said, ' Won't you let me off at my street ? I don't want to be carried up town.' He said, 'I rang the bell, but the driver didn't stop the car.' I said, 'Ring it again.' He did ring it again. At that time I was preparing to leave the car. After he had rung the bell the second time I prepared to get to the edge of the platform and get off the car when it came to the next street."

Before the next street was reached, and while the car was under full headway, he passed by the people standing on the platform, and what happened then the plaintiff describes as follows : "There was a gentleman standing with his back to the window and another at the dashboard. We were all pretty stout people, and both gave way to let me to the edge of the platform, and, after I got there, they crowded back again in their places, so forcing me to put my left foot on the step. It being slippery, I found it was not safe unless I put the other foot down, and before I could get standing there, by the motion of the car, I found I had to let go the handrail or be thrown down. I was then on the step of the car leading down to the street. * * · * They forced me down. They forced me to put the first foot down, and then coming up behind me like that (illustrating) they forced the second one down. * * * I did not get an opportunity to stand there ; the left one went off. I felt myself unbalanced by the rapidity of the car, and I had to leave hold of the rail."

The trial court held, and we think rightly, that there was no evidence of negligence for the consideration of the jury.

*Lehr* v. *S. & H. P. R. R. Co.* (118 N. Y. 556) does not aid the plaintiff in this case. The plaintiff, who was crowded from the

platform by a movement of the passengers which caused him to lose his hold, fell under the car and was injured, and the verdict of the jury was sustained, because there was evidence authorizing the jury to find that the defendant undertook to carry more passengers than could stand or sit within the car, the platform and steps in addition being filled to their utmost capacity, and that the exercise of reasonable foresight would have led the defendant to anticipate that such crowding of its car and platforms would render accidents, like the one that befell the plaintiff, probable.

*Saltzman* v. *The Brooklyn City R. R. Company* (73 Hun, 567) was very similar in its facts to the *Lehr* case. Plaintiff boarded the car, which was filled on the inside, so that he was compelled to stand on the platform, and passengers continued to come upon the platform in such numbers that he was finally forced on to the step, from which position he was finally thrown by the jolting of the car while the horses were being driven very fast.

In this case the car was not crowded. There was plenty of room in the car, where the plaintiff had a seat, and there was no opportunity to charge the defendant, as in the cases referred to *supra*, with having undertaken to carry more passengers than could sit or stand within the car, so that both platforms and steps were crowded to their utmost capacity. The only act of negligence that we can spell out is that the defendant's driver failed to stop the car at Fifty-sixth street. But while it is probably true that the accident would not have occurred had the car stopped at Fifty-sixth street, it is apparent that such negligent act did not cause the accident, for the plaintiff testifies that he was standing on the platform, in a place of safety, when the car passed Fifty-sixth street without stopping, and he made no attempt to get off there.

Indeed, it seems that he then decided not to get off until the next street should be reached, for he says that after the conductor rang the bell the second time in obedience to his request, he " prepared to get to the edge of the platform and get off the car when it came to the next street." His preparations were prematurely made and resulted unfortunately, but they were not directly occasioned by the failure to stop at Fifty-sixth street, for plaintiff had abandoned the idea of getting off before reaching Fifty-seventh street prior to his starting to the edge of the platform.

If it be true that he stepped down upon the step because two persons, whom he describes as standing on the platform, crowded against him, defendant cannot be charged with negligence for that reason.

The car was not overloaded, there was plenty of room for all inside of it, and no reason why he could not have continued to stand in the same position on the platform until he reached Fifty-seventh street as he was standing in when he came to Fifty-sixth street.

The jostling and crowding, if any there was, was due to the carelessness of the two persons standing upon the platform, and for their acts, under the circumstances disclosed, defendant was not legally blamable.

Plaintiff's exceptions should be overruled and judgment ordered for the defendant, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Exceptions overruled and judgment ordered for defendant, with costs.