(50 Misc. Rep. 160)

### MAILLEFERT v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.  March 26, 1906.)

1. CARRIERS—INJURY TO PASSENGER—PROXIMATE CAUSE.

Opening for only two-thirds its width of the sliding door of a subway car when it stopped at a station to take on passengers, the door being operated by the guard by means of a lever, if negligence, was not the proximate cause of injury to a passenger, who, while following others into the car, being crowded, put his hand against the casing of the door to prevent his falling, whereupon the door was opened wide and crushed his finger.

2. SAME—NEGLIGENCE.

For the guard of a subway car, into which passengers were coming through a door opened only two-thirds its width, to open it its full width, whereby a passenger, who, being crowded, had just put his hand on the casing of the door, had his finger crushed, was not negligence; it not appearing that the guard knew or could have seen where the passenger's hand was, and there being nothing to show that it was common for passengers to place their hands on the door for support.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Arthur E. Maillefert against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Charles A. Gardiner (Theodore L. Waugh, of counsel), for appellant.
Hurry & Dutton (John A. Dutton, of counsel), for respondent.

SCOTT, P. J. Plaintiff became a passenger on one of defendant's cars at the 103rd Street subway station. It was early in the morning, and quite a crowd of people were on the platform awaiting the train when it arrived. It stopped so that the door of one of the cars was within two or three feet of where plaintiff was standing. Quite a crowd had collected on the platform. When the train stopped the door of the car in front of the plaintiff was opened by the guard only about two-thirds of the way, and left in that condition by him for the passengers to enter the car. A number of people who were ahead of plaintiff entered through the partly opened doorway, and as plaintiff moved up with the crowd, and in his turn, he was jostled or pushed by the crowd behind him, when he instinctively threw up his hand to save himself and

prevent his falling, and in doing so placed it against the front casing of this door, which was partly open, and while his hand was in this position the door was opened to its full extent, and plaintiff's little finger was caught between the door casing and the casing into which the door slid, and he suffered serious and permanent injury to this finger.

The car in question was the usual subway car, and the door, in opening, did not swing, but slid back into the body of the car its full width when fully open, being operated by the guard by means of a lever. The door had a glass panel in the center, surrounded by a margin or casing of wood about 6 or 8 inches wide. It was against this casing or margin of wood that plaintiff placed his hand; his little finger extending over against the glass, which was of less thickness than the casing, and in this position it was caught by the edge of the casing of the car, which formed one side of the opening into which the door slid. Plaintiff could not recall whether the car was constructed of wood or steel. The opening of the doorway when the door was fully open was 3 feet, if it was an iron car, and 29 inches, if a wooden car; so that, if the door was only open in the first instance two-thirds of its distance, as testified to by plaintiff without contradiction, there was a space of only about 19 inches, if it was a wooden car, or 24 inches, if an iron car, through which those who were ahead of plaintiff passed by invitation of the guard, and through which plaintiff was already attempting to pass when he was injured. No question is made as to the fact of plaintiff's injuries, nor as to the reasonableness of the verdict. No material evidence was offered by defendant, so that the case rests entirely upon plaintiff's evidence. The plaintiff claims that defendant was negligent in two particulars: First, in opening the door only two-thirds of the way; and, secondly, in opening or permitting it to be moved while plaintiff's hand was on it.

It can scarcely be said that it was negligence to open the door only partially, or, if it was, that that act was the proximate cause of the injury to plaintiff. No prudent man, even seeing a crowd upon the platform and realizing that they would crowd to get on board of the train, would be called upon to anticipate that the crowding would be of such a nature as to cause plaintiff, or any other passenger, to put his hand on the door, and, even if he had done so, no danger would result so long as the door remained where it was. I can see no possible foundation for the claim that the partly opened door was the proximate cause of the accident, unless it can be so made by coupling it with the full opening of the door at the moment the plaintiff put his hand upon it. The most that can be said is that the partial opening of the door was an act without which this particular accident would not have occurred, but that is not sufficient to justify calling it the proximate cause. When we come to the sudden opening of the door, the plaintiff is confronted with another difficulty. Undoubtedly it was that act which did constitute the proximate cause of the accident; but then the question arises whether it can be attributed to the defendant as an act of negligence. In the first place there is no satisfactory evidence that the door was opened by the guard. It might equally well have been an incident of the attempt of the passenger to board the car. But, even assuming that the guard did, after a considerable number of people had got on the

car, suddenly push it open to its full width by means of his lever, the plaintiff's testimony is that the door was moved just as soon as his hand touched it, so that the placing of his hand upon the door and its sliding back must have been nearly or quite simultaneous. It does not appear that the guard knew, or could have seen if he had looked, that plaintiff had placed his hand upon the door, and there is nothing in the case to show, and nothing in the common experience of mankind to indicate, that it was such a common occurrence for passengers to place their hands upon the door of the car for support that the guard should have anticipated that some one would have his hand in such a position that the opening of the door would injure it. O'Rourke v. Interborough R. T. Co. (Sup.) 92 N. Y. Supp. 317.

The accident, while a regrettable one, was not, in my opinion, caused by any negligent act of the defendant's servant. All that can be said is that the defendant did certain acts, not negligent in themselves, which produced such a situation that the jostling of the plaintiff by other passengers, and his effort to preserve his equilibrium, resulted in the injury. The injury, however, was not caused by the situation thus presented, although made possible by it, and, while the defendant had reason to apprehend that there would be crowding to board the car, it had no reason to apprehend that as the result of that crowding any passenger would put his hand on the partly opened door.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.