ISABEL F. MARR *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.   January 27, 1911. — April 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Railroad.

At the trial of an action by a woman passenger against a railroad company for personal injuries caused by the plaintiff being pushed off the platform of a car as she was alighting in a station of the defendant, if there is evidence tending to show that as the plaintiff stood on the platform of the car she waited until the skirts of a woman in front of her were off the top stairs, and that then as she put one foot down to the top step she was pushed off the car by a man behind her, that the car was crowded before it reached the station, but that there were only twenty persons behind the plaintiff as she passed out of the car, that there was a good deal of pushing and jostling among them, and that that train usually was crowded; and if there is no evidence that on previous occasions the passengers had jostled or pushed each other, a finding of negligence on the part of the defendant and its servants in failing to guard its passengers from injury due to the conduct of crowds would not be warranted, both because on the evidence there was no reason why the defendant should have anticipated that the person who pushed the plaintiff would do so, and because the overcrowding of the car had ceased before the plaintiff was pushed.

At the trial of an action by a woman passenger against a railroad company for personal injuries caused by the plaintiff being pushed off the platform of a car as she was alighting in a station of the defendant, if there is testimony that the part of the platform of the station where the car stopped was dark, and the plaintiff testifies that she waited until the skirts of a woman who preceded her " were off the top stairs so that I could step down," and that as she was stepping down to the top step a man behind her pushed her, and it is not contended that he did so because the place was dark, the plaintiff has failed to present evidence that negligence of the defendant in not keeping that part of the station light caused her injuries, both because it appears that the place was light enough for the plaintiff to see the skirts of the woman in front of her, and because the pushing of the man behind her, and not the darkness of the station, caused the accident.

LORING, J.   The plaintiff's story was that she was pushed off the car platform on to the station floor as she was alighting in Boston.   She testified that after reaching the platform of the car she waited until the skirts of a woman in front of her "were off the top stairs so that I could step down," and then as she put one foot down from the car platform to the top step she was pushed off the car.   The plaintiff was accompanied by her daughter and her son, and there was evidence that there were some five persons between the mother and the daughter, ten or a dozen between the daughter and the son, and two persons behind the son.   There also was evidence that the train stopped before getting fairly into the station and that it was dark at the part of the platform here in question.   Further there was evidence that the train in question was crowded when it reached Wyoming where the plaintiff got on, and that that train usually was crowded. Lastly there was evidence that there was a great deal of pushing and jostling among those behind the plaintiff.

The presiding judge * left the case to the jury under the doctrine of *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341, *Beverley* v. *Boston Elevated Railway*, 194 Mass. 450, and *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497.   But although there was evidence that the train in question was usually overcrowded, there was no evidence that on previous occasions the passengers had jostled or pushed each other, and therefore there was no reason why the defendant should have anticipated that the man who did jostle or push the plaintiff would do so. Further than that, the overcrowding had ceased before the accident here in question occurred.   On the evidence there were but twenty persons at the most behind the plaintiff.   There is nothing unusual in that.  That is what is often the case when a passenger leaves a steam railroad car of the kind in use in this country.   The case comes within cases like *Willworth* v. *Boston Elevated Railway*, 188 Mass. 220, *McCumber* v. *Boston Elevated Railway*, 207 Mass. 559, and *Ellinger* v. *Philadelphia, Wilmington & Baltimore Railroad*, 153 Penn. St. 213.   In the last case the court said at p. 216 : "It is not easy to see how the defendant could have prevented the accident by any system less comprehensive than the one which should require it to escort every

---

* *Hitchcock,* J.

incoming passenger from the interior of the car to a place of safety outside its grounds; and every outgoing passenger from its waiting rooms to a seat inside the train. Neither the common law nor the statutes of this State have imposed such a duty on the carrier, and a jury should not be allowed to do it."

The plaintiff was not entitled to go to the jury on the evidence that the place was dark. In the first place, by her own story it was light enough for her to see the skirts of the woman in front of her, and in the second place the cause of the accident was not the darkness of the station but the fact that another passenger jostled or pushed the plaintiff off the car platform. It was not pretended that he jostled or pushed the plaintiff off because it was dark.

The judge should have directed the jury to find a verdict for the defendant as matter of law. The entry therefore should be judgment for the defendant under St. 1909, c. 236.

<em>So ordered.</em>

*F. N. Wier*, for the defendant.
*F. P. Garland*, (*A. W. Shepard* with him,) for the plaintiff.