[No. 12745.  Department One.  February 19, 1916.]

CONSTANT OTTEVAERE *et al.*, *Appellants*, v. THE CITY OF SPOKANE, *Respondent.*[1]

WATERS AND WATER COURSES—INJURIES FROM WATER SERVICE—DEFECTIVE METER—PROXIMATE CAUSE.  Negligence of a city in installing a defective water meter is not the proximate cause of an injury caused by slipping on a wet floor while attempting to turn the stop valve, when the meter broke and flooded the basement; since the accident could not be reasonably anticipated, and the city is, therefore, not liable therefor.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 23, 1915, upon granting a nonsuit, dismissing an action for personal injuries.  Affirmed.

*Plummer & Lavin* and *Harry L. Cohn*, for appellants.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant*, and *Dale D. Drain*, for respondent.

FULLERTON, J.—This is an appeal from a judgment rendered in favor of the respondent and against the appellants on a challenge to the sufficiency of the evidence, in an action to recover for personal injuries suffered by the appellant Eugenie Ottevaere.

The record discloses that the appellants are the owners of certain real property situated in the city of Spokane, consisting of a lot with a dwelling house thereon.  The premises are supplied with water from the city water system, the supply pipes entering the house in the basement near the floor.  Some time in April, 1914, the appellants petitioned the city to install a water meter on the supply pipe, and the city did so, placing the meter inside of the basement of the house.  The meter was installed in the usual manner with a stop and waste valve between the meter and the source of

[1]Reported in 155 Pac. 146.

supply. The stop and waste valve had on it a projection or handle so as to be worked by hand without the aid of wrenches, and was so arranged that, when the source of supply was cut off, it would operate as a drain for the water in the pipes which carried water into the different rooms of the house. After the installation of the meter, the appellants, for its better protection, built around it a concrete box.

On October 7, 1914, the meter suddenly gave way, permitting the water flowing through the service pipe to escape into the basement. The appellant Eugenie Ottevaere, discovering the break, went into the basement and sought to stop the flow of the water by turning the stop and waste valve. The place surrounding the meter was dry when she reached it, but soon thereafter the water covered the floor, making it, as she testified, very slippery. The valve fit close and failed to turn with ordinary pressure. The appellant thereupon exerted her full strength upon it, and while so doing, her feet slipped on the wet floor, causing her to fall upon the concrete box. This action was instituted to recover for the injuries suffered from the fall.

In their complaint, the appellants charged the city with negligence in the installation of both the meter and the stop and waste valve. It is alleged that the meter was defective in construction and insufficient, because thereof, to stand the strain caused by the pressure of the water; and that the stop and waste valve was defective in that it was fitted too closely, preventing it from being turned with an ordinary amount of strain upon the handle. But without specially reviewing the record, we think it can be questioned whether there was any substantial evidence tending to support either of these contentions. The court, however, sustained the challenge to the sufficiency of the evidence on the ground that the negligence charged was not the proximate cause of the injury; and, as we have reached the conclusion that the judgment must be sustained on this ground, we will notice only the question suggested by the ruling.

All of the cases agree that an injury which is the natural and probable consequence of an act of negligence is actionable, and that such an act is the proximate cause of the injury. It is equally well settled that an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, and that such an act is either the remote cause, or no cause whatever, of the injury. The present case, we are clear, falls within the latter rule. The city could not reasonably anticipate that the breaking of the water meter, or the strain required to turn the stop valve, would cause the peculiar accident suffered by the appellant. It could anticipate, of course, that an attempt would be made to shut off the water by turning the stop valve if the water meter broke and let the water escape in the basement. Indeed, that was one of the purposes for which the stop valve was installed. But it could not reasonably anticipate that a lift thereon would cause the person making the lift to fall on the floor. It is possible for such a thing to happen, but it is not the usual nor the natural result of such an act. On the contrary, it is the unusual and unnatural result of such an act, and these the city is not required to anticipate. To hold otherwise would make the city an insurer against all acts arising from a break in its water system caused by a defect therein. It would be liable whenever the negligence furnished a condition by which the injury was made possible, however remotely the condition and injury might be separated, if only the injury can be traced to the negligent act by a sequence of causes. But as was said by the supreme court of the United States in *Scheffer v. Railroad Co.*, 105 U. S. 249, holding a railroad company not liable for the death of a passenger who committed suicide while insane as the result of the injury while such a passenger:

"The argument is not sound which seeks to trace this immediate cause of the death through the previous stages of

mental aberration, physical suffering, and eight months' disease and medical. treatment to the original accident on the railroad. Such a course of possible or even logical argument would lead back to that 'great first cause least understood,' in which the train of all causation ends."

It is our conclusion that the judgment should be affirmed, and it is so ordered.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.