[No. 13639. Department One. February 16, 1917.]

A. O. HELLAN, *Appellant*, v. SUPPLY LAUNDRY COMPANY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS — ACCIDENTS AT CROSSINGS— AUTOMOBILE COLLISION—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE —QUESTION FOR JURY. As there may be more than one proximate cause for an accident, and where the independent negligence of different persons concurs, all may be liable; and as proximate cause is a mixed question of law and fact and for the jury unless the facts are undisputed and the inferences plain, it is error to decide, as a matter of law, that the act of defendant C. in colliding with plaintiff's automobile was the proximate cause of the accident, and that defendant laundry company would therefore not be liable, where it appeared from the complaint and statement of counsel that defendant C., who was approaching a street intersection at an unlawful speed, was compelled to turn suddenly into plaintiff's car when the laundry company's auto truck, also going at an excessive speed, unlawfully cut the corner at the street intersection and got in the path of the car of defendant C.; since what a reasonably prudent person will do in a sudden emergency is always a question for the jury, unless reasonable minds cannot differ thereon.

[1]Reported in 163 Pac. 9.

SAME. In such a case, the probability of an injury need not be so obvious as to be necessarily anticipated by the wrongdoer, who is liable for any injuries proximately resulting if his act was one that in the exercise of ordinary care he ought to have anticipated was apt to result in injury to others, although he could not have anticipated the particular injury.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 8, 1916, upon granting a nonsuit, dismissing an action for personal injuries sustained in an automobile collision, tried to the court and a jury. Reversed.

*Geo. McKay* and *Henry S. Noon*, for appellant.

*James B. Murphy* and *Robert C. Saunders*, for respondent.

ELLIS, C. J.—This is an appeal from a judgment dismissing an action for personal injuries.

Stewart street, in the city of Seattle, runs east and west. Seventh avenue runs north and south, crossing Stewart street at right angles. In the complaint, it is alleged that, while plaintiff was crossing Seventh avenue on the south side of Stewart street, exercising care and caution for his own safety, defendant J. B. Corkum carelessly, negligently, unlawfully and in wilful violation of the city ordinances, drove his automobile east along Stewart street at an excessive speed, without sounding any horn or whistle or giving other warning, and carelessly and negligently struck and injured plaintiff.

It is further alleged that, at the time of the accident, an auto delivery truck of defendant Supply Laundry Company, driven by one of its servants, running west on Stewart street at an unlawful and dangerous rate of speed in violation of the city ordinances, at the intersection of the two streets mentioned, turned south onto Seventh avenue, going diagonally across the street, making a rapid, short, sharp, unlawful turn in violation of the city ordinances, intersected the path of the Corkum automobile, so that Corkum was compelled to turn suddenly south on Seventh avenue to avoid a collision

with the delivery truck and thereby struck plaintiff, and that the negligence of defendant Supply Laundry Company, through its agent and servant, "accentuated the negligence of said Corkum and directly contributed to and caused the injury to the plaintiff."

The substance of counsel's opening statement was as follows: That plaintiff's evidence would show that he was going west on the south side of Stewart street; that, when he reached Seventh avenue, the Corkum automobile was going east on the south side of Stewart street and the laundry truck was going west on the north side of Stewart street; that, when he started across Seventh avenue, the laundry truck made a sudden turn to the south going to the east, the left and wrong side of the center of the street intersection, cutting the corner, and taking the east, the wrong side, of the avenue; that in executing this movement, in violation of the law and city ordinances, the truck made a line for the other automobile, and that Corkum, in an effort to escape a collision, put on his brakes, turned quickly to the south and, in so doing, struck plaintiff.

It is admitted that, since the commencement of the action, Corkum has died, and thereafter the cause was prosecuted against the Supply Laundry Company alone.

At the close of the above statement, counsel for defendant moved upon that statement that the jury be discharged and that judgment be entered for defendant. Granting the motion, the court said:

"I want the record to show that on the complaint and from the statement that you [Mr. Judd, plaintiff's then counsel] made it is impossible to state a cause of action which would sustain a judgment."

The action was dismissed "with prejudice to the commencement of any other action." Plaintiff appealed.

In support of the court's action, it is urged that, under the facts pleaded and stated by counsel, Corkum's negligence was, as a matter of law, the proximate cause of the injury,

while that of respondent's driver was a mere condition. The most usual definition of proximate cause found in the books is either the following or some of its paraphrases:

"The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred." 1 Shearman & Redfield, Negligence (6th ed.), § 26.

See, also, Cooley, Torts (3d ed.), p. 124. There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of another.

"If the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause, and the parties held responsible, either jointly or severally, for the injury. It is well settled by the adjudged cases that when an injury is the result of the combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor the defendant is responsible, the defendant is liable, when the injury would not have happened except for his negligence. Thus, if two persons wrongfully block up a street, so that one is injured in attempting to pass them, neither of the culpable parties can excuse himself by showing the wrong of the other, for the injury is a natural and proximate result of his own act under the then existing circumstances, and to excuse either would be to deny all remedy in the case of plain and palpable injury." Cooley, Torts (3d ed.), pp. 119-123.

See, also, 1 Shearman & Redfield, Negligence (6th ed.), § 31. The question of proximate cause is a mixed question of law and fact. It is usually a question for the jury. It is only where the facts are undisputed and the inferences to be drawn from them are plain and incapable of reasonable doubt or difference of opinion that it may become a question of law

for the court.  Cooley, Torts (3d ed.), p. 111; 1 Shearman & Redfield, Negligence (6th ed.), § 55.

In considering the application of these principles to the case here presented, we must, of course, assume as true all of the facts stated in the complaint, except in so far as they are contradicted or modified by the opening statement of appellant's counsel.  In drawing the complaint, it seems plain that the pleader was attempting to state the full facts as a cause of action for concurrent negligence on the part of both Corkum and respondent here.  He was seeking a recovery against both.  But Corkum having died, counsel, in his statement outlining the evidence which he would offer, laid little stress upon the alleged negligence of Corkum, but dwelt mainly and at length on the facts which would tend to show negligence on the part of respondent's driver as a proximate or efficient cause of the injury.  The only negligence charged against Corkum, either in the complaint or statement, was that of excessive speed and the failure to sound a horn or whistle.  He was on the side of the street proper for vehicles going in an easterly direction.  From the whole complaint, the inference is clear that, but for the excessive speed and the sudden rapid and unlawfully premature deviation in the course of respondent's car, carrying it to the wrong side of the center of the street intersection and to the wrong side of Seventh avenue, Corkum would have passed plaintiff safely, notwithstanding his own excessive speed and failure to give warning of his approach.  But it is urged that Corkum's act in turning to the south instead of to the north was an independent act of negligence breaking the chain of causation, isolating respondent's negligence and making it a mere condition.  It is true, as pointed out by respondent, that it was not alleged in terms that Corkum could not have turned his car to the north, but it was so alleged inferentially, and appellant is entitled to the benefit of every favorable inference. It was alleged that he "was compelled to turn suddenly to the south" to avoid a collision with respondent's car.  That

car was coming rapidly from the north, and it was at least inferred that a turn in that direction would have enhanced the danger of the collision which Corkum alone was trying to avoid. He was acting in a sudden emergency, and what, in such a case, is reasonably prudent conduct is always a question for the jury unless it can be said that the minds of reasonable men cannot differ thereon.

Appellant argues, and we think soundly, that this phase of the case is controlled by the rule announced in *Scott v. Shepherd* (the squibb case), 2 Wm. Blackstone 892, and also in *Gibbons v. Pepper*, 1 Ld. Raymond 38; *Jones v. Boyce*, 1 Starkie 493, and *Lowery v. Manhattan R. Co.*, 99 N. Y. 158, 52 Am. Rep. 12. In those cases, it is true, the person whose act in the emergency resulted in the injury had not been guilty of antecedent negligence, but we fail to perceive any reasonable differentiating significance in that fact. If the act, by reason of the emergency, is not itself negligent as a matter of law, it can make no possible difference how the emergency arose if the injured person were not culpable. The emergent act cannot become negligence in law merely to relieve another concurrent wrongdoer from a liability for injury which he at least made no effort to avoid. It is true, also, that, had the emergency been created solely by Corkum's own prior negligence, the injury inflicted in his efforts to extricate his car would be attributed solely to that prior negligence. Here, however, the emergency was not wholly nor even chiefly one of his own creation. Had the cars collided, there would be grave doubt whether, on the facts here, either owner would have been permitted to recover for the resultant injury. But such is not the case before us. Here an innocent third party was injured.

Respondent further argues that the accident would not have happened had Corkum stopped his car or had he been running at a lawful rate of speed. This may be conceded. But it is equally true that, notwithstanding his failure to stop and notwithstanding his excessive speed, no accident

would have happened had respondent's truck been stopped, or had it been running at a lawful rate of speed, or had it even kept to the right side of the intersection and the right side of the street. Respondent further asserts that its driver, though himself negligent, was not bound to anticipate Corkum's negligence. This also may be conceded. But neither was Corkum bound to anticipate respondent's negligence. These things might be material if the question were one between the two negligent parties. They are immaterial so far as the injury to plaintiff, a third person wholly free from fault, is concerned. Every argument advanced as showing that respondent's negligence was a mere condition and not the proximate cause applies with equal force to Corkum's negligence. Appellant should not be permitted to fall between two stools through a mere juggling of terms. It seems to us plain that the complaint stated a cause of action for concurrent negligence, and that the statement of anticipated proof made a case for the jury. Upon the facts pleaded and stated, it would be for the jury to say, under proper instructions, whether the negligence of Corkum or that of respondent was the proximate cause or whether both were proximate and concurrent causes. This court, in common with some others, has said that "any injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable," in that the act is too remote to be a proximate cause. *Ottevaere v. Spokane*, 89 Wash. 681, 155 Pac. 146. But that language must not be taken in an absolute sense. It does not mean that the probability of injury must be so obvious as to be necessarily anticipated by the wrongdoer, nor does it mean that he must have reasonably anticipated that injury would probably result to the exact person or in the exact form or way in which it did result. 1 Shearman & Redfield, Negligence (6th ed.), §§ 28, 29 and 29a. We know of no more exact expression of the true rule than that

of the supreme court of Minnesota, quoted with apparent approval by Cooley:

· "The law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow." *Christianson v. Chicago, St. P., M. & O. R. Co.*, 67 Minn. 94, 69 N. W. 640.

See, also, Cooley, Torts (3d ed.), p. 138.

We shall not consume space by a review of the many cases cited by respondent. Every case largely depends upon its particular facts. As we view the cases cited, they are not controlling.

We are clear that the facts pleaded and stated, which we must assume to be true, made a case for the jury upon every question presented. The judgment is reversed, and the cause is remanded for further proceedings.

MORRIS, MOUNT, MAIN, and CHADWICK, JJ., concur.