ABRAHAM SIEGEL, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

Supreme Court, Appellate Term, First Department, January 15, 1926.

Street railways — injuries to passengers — plaintiff suffered injury to finger when door on which he had placed his hand moved into casing carrying hand with it — defendant not liable.

Plaintiff who, while a passenger on one of defendant's subway trains, suffered an injury to one of his fingers, is not entitled to damages therefor, since it appears that the plaintiff placed his hand on the rubber edge of the door to protect himself from the crowd boarding the train, that the door came forward five or six inches and then moved back into its former position in the casing carrying plaintiff's hand with it, and that there was no evidence showing negligence on the part of defendant's conductor in operating the door, nor was there anything defendant could have done to have prevented the accident.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of defendant.

*Myron H. Osborne* [*Laurence B. Sargent* of counsel], for the plaintiff.

*James L. Quackenbush* [*A. L. Wilbur* of counsel], for the defendant.

*Per Curiam.* Judgment affirmed, with twenty-five dollars costs, upon the opinion of the court below.

All concur; present, GUY, WAGNER and LYDON, JJ.

The following is the opinion of the court below:

NOONAN, J. On June 2, 1924, at about a quarter of six in the evening the plaintiff on his way home from work waited on the platform of the defendant's subway station at One Hundred and

Forty-ninth street and Third avenue with the intention of boarding an uptown train. After the plaintiff had waited a few minutes a train came into the station, consisting of twelve cars in charge of two guards or conductors, one of whom was stationed at the forward end of the train and the other at the rear end, who, by means of an electric mechanism opened the doors of the cars in their respective sections. Each car had three doors, one at each end of the car and the other door in the center. The doors were operated by a system known as " multiple unit door control." The center door was protected on its end by a six-inch strip of loose rubber. As the plaintiff stood on the platform he was about a foot away from its edge and about in front of the door of the car through which he subsequently entered. The plaintiff entered the center door of the middle car of the train. He was the first to enter the car, and there was plenty of room for him to make his entrance. There was quite a crowd of people back of him who in their effort to enter the car pushed and jostled him. As the plaintiff entered the car the door was opened to its full extent. The plaintiff in order " to save himself to get in further " and to protect himself from the jostling crowd, placed his hand on the rubber edge of the open door. As he did so the door came forward about five or six inches and then slid back again into its casing carrying the plaintiff's hand with it in such a manner that one of his fingers was caught between the door and the casing. As a result plaintiff's finger was bruised and contused. The door was then closed by the guard and the plaintiff's hand was released. The door through which the plaintiff entered was operated in such a manner that it slid back into an opening and it was in this opening that the plaintiff's finger was caught between the door and the framework through which the door slid. The plaintiff brings this action to recover for the injuries suffered by him. In the plaintiff's bill of particulars the negligence complained of was that the defendant's employee " prematurely, negligently and carelessly shut the door of one of the cars that the plaintiff had partly entered." It is quite evident from the foregoing narrative of the testimony that the accident did not happen because of the closing door, but by reason of the fact that the door was opened. I will assume, however, that the accident happened in the manner disclosed by the above recitation of the facts. It, therefore, appears that the plaintiff had entered the car and in order to preserve his equilibrium had placed his hand on the rubber edge of the door which was already open to its full extent. As soon as the plaintiff had placed his hand upon the door, it came forward about five or six inches and then moved back again into its former position. The placing of the plaintiff's hand

upon the door and its coming forward and then sliding back again, must have been nearly or quite simultaneous. It is certain that the accident would not have happened if the plaintiff had not placed his hand upon the door. There is no evidence to show that any part of the mechanism which controlled the opening of the door was out of order. This forward movement of the door after the plaintiff had placed his hand upon it was probably due to the settling of the door into its position. The question, therefore, arises, was the defendant guilty of negligence in not foreseeing that the plaintiff might place his hand upon the door. On the trial the case of *Maillefert* v. *Interborough R. T. Co.* (50 Misc. 160) was cited in support of the defendant's contention that the defendant was not guilty of negligence. At that time I was of the opinion that the case was not analogous to the facts presented in the present action. It is true that the facts are not analogous but upon reflection I have come to the conclusion that the principle of law therein enunciated absolves the defendant from any charge of negligence under the facts of the present case. SCOTT, J., who wrote the opinion, stated as follows (p. 163): " It does not appear that the guard knew, or could have seen if he had looked, that plaintiff had placed his hand upon the door; and there is nothing in the case to show, and nothing in the common experience of mankind to indicate, that it was such a common occurrence for passengers to place their hands upon the door of the car for support that the guard should have anticipated that some one would have his hand in such a position that the opening of the door would injure it. (*O'Rourke* v. *Interborough R. T. Co.*, 46 Misc. 453.) The accident, while a regrettable one, was not, in my opinion, caused by any negligent act of the defendant's servants. All that can be said is that the defendant did certain acts, not negligent in themselves, which produced such a situation that the jostling of the plaintiff by other passengers and his effort to preserve his equilibrium resulted in the injury. The injury, however, was not caused by the situation thus presented, although made possible by it; and, while the defendant had reason to apprehend that there would be crowding to board the car, it had no reason to apprehend that, as the result of that crowding, any passenger would put his hand on the partly opened door." In the case at bar the conductor in charge of the train was not called upon to anticipate that the plaintiff would place his hand upon this door. The opening of the door to its full extent and the closing of the door for about five or six inches and the subsequent sliding of the door back into its open position, were things that took place almost simultaneously. As I have already stated, the closing of the door for five or six inches was

probably caused by the settling of the door into its position. It is unfortunate, perhaps, that the plaintiff was forced to place his hand upon the door to enter the car, but from what I can see from the evidence there was no act of the guard which might have prevented the happening of the accident. I have reached the conclusion, therefore, that the plaintiff has failed to prove a cause of action against the defendant, and I do so upon the authority of the *Maillefert* case, cited above, which has never been reversed or even criticized in any subsequent decision. The defendant is, therefore, entitled to recover judgment against the plaintiff dismissing his cause of action upon the merits. Five days' stay of execution.