# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2025

Lyle W. Cayce
Clerk

No. 24-60388

Ifeanyichukwu Agwuegbo,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A214 946 397

_____

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.

Per Curiam:*

Ifeanyichukwu Agwuegbo, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's denial of his application for cancellation of removal under the Violence Against Women Act, asylum, withholding of removal,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-60388

and relief under the Convention Against Torture.    The petition is DISMISSED in part and DENIED in part.

## BACKGROUND

In 2007, Agwuegbo peacefully participated in a political protest in Nigeria, after which he was detained for two days, deprived of food and water, and was beaten such that he needed stitches on his hand.  He most recently entered the United States in August 2016 and married a United States citizen in April 2017.  Dissatisfied with their financial situation, his wife threatened divorce, and the immigration consequences thereof, if he did not earn more money.  He claims this led him to operate an unlicensed money transmitting business in violation of 18 U.S.C. § 1960, for which he was arrested in 2019.  His father, who resides in Nigeria, received phone calls from "authorities" asking about Agwuegbo shortly thereafter, but received none recently.  Agwuegbo pled guilty in 2022 and was sentenced to 18 months' imprisonment.

His wife divorced him in 2022.  In 2023, the Department of Homeland Secured initiated removal proceedings.  Agwuegbo applied for cancellation of removal under the Violence Against Women Act (VAWA), asylum, withholding of removal, and Convention Against Torture (CAT) relief. Agwuegbo proceeded *pro se*.  The IJ denied all relief, determining that (1) Agwuegbo was ineligible for relief under VAWA because he had a criminal conviction for which he was imprisoned for over 180 days; (2) his asylum claim was time-barred; (3) his asylum and withholding claims failed because he could not show past persecution or a well-founded fear of future persecution based on his political opinion; (4) Agwuegbo's CAT claim failed because he did not experience past torture and his evidence of likely future torture was attenuated and not particularized.

2

No. 24-60388

Represented by counsel, Agwuegbo appealed to the Board of Immigration Appeals (BIA). The BIA first explained that the IJ erred by failing to consider that VAWA allows relief for aliens whose convictions are "connected to the alien's having been battered or subjected to extreme cruelty." 8 U.S.C. § 1229b(b)(2)(C). Nevertheless, the BIA affirmed on the grounds that Agwuegbo neither established that he was "subjected to extreme cruelty" or that his conviction was connected to any such cruelty. Second, the BIA held that Agwuegbo waived his asylum claim. Third, the BIA agreed with the IJ that Agwuegbo failed to show past persecution and rejected his withholding claim because Agwuegbo made no other argument supporting a well-founded fear of future persecution. Finally, the BIA also agreed with the IJ that Agwuegbo's CAT claim failed because he faced no past torture and his suggestion that future torture was likely was attenuated and not particularized. The BIA therefore dismissed Agwuegbo's appeal of the IJ's decision. He now petitions for our review.

## DISCUSSION

This court only reviews the BIA's decision unless it was affected by that of the IJ. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). "We review factual findings of the BIA and IJ for substantial evidence, and questions of law *de novo*." *Id.* Agwuegbo appeals the BIA's denial of VAWA cancellation of removal, withholding of removal; and CAT relief.[1]

---

[1] Agwuegbo did not raise the denial of his asylum claim to the BIA or in this court.

At various points in his appellate brief, Agwuegbo purports to challenge a finding that he was independently removable for being convicted of a crime involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(i). The Department of Homeland Security initially charged Agwuegbo as removable on that ground, but later withdrew it. Because neither the IJ nor the BIA evaluated that charge, it is not before this court.

No. 24-60388

I.

A.

VAWA authorizes the Attorney General to cancel the removal of an applicant who demonstrates, *inter alia*, that he or she was "battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen" and is "a person of good moral character." 8 U.S.C. § 1229b(b)(2)(A)(i), (iii). An alien usually lacks "good moral character" if he was "confined, as a result of a conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." § 1101(f)(7). But an alien can still obtain relief if the conviction was not listed in § 1229b(b)(2)(A)(iv) and "was connected to the alien's having been battered or subjected to extreme cruelty." § 1229b(b)(2)(C). The IJ failed to analyze this exception. The BIA noted this error but held that Agwuegbo did not establish that his conviction and alleged abuse were connected. Agwuegbo raises two challenges to this part of the BIA's decision. First, he argues that the BIA erred in deciding that there was no connection. Second, he argues that the BIA impermissibly engaged in factfinding by deciding that issue in the first instance. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

1.

To Agwuegbo's first argument, the Government responds that we have no jurisdiction to review whether there was a connection because that is an unreviewable question of fact. § 1252(a)(2)(B)(i). The Supreme Court has explained that "§ 1252(a)(2)(B)(i) encompasses not just the granting of relief, but also any judgment *relating to* the granting of relief. That plainly includes factual findings." *Patel v. Garland*, 596 U.S. 328, 339, 142 S. Ct. 1614, 1632 (2022). But we retain jurisdiction over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). That carveout includes "the application of a legal standard to undisputed or established facts," *i.e.*, mixed questions of law and fact—even those that are "primarily factual." *Guerrero-*

4

No. 24-60388

*Lasprilla v. Barr*, 589 U.S. 221, 227, 140 S. Ct. 1062, 1068 (2020) (first quote); *Wilkinson v. Garland*, 601 U.S. 209, 225, 144 S. Ct. 780, 792–93 (2024) (second quote).

Whether Agwuegbo's conviction was "connected to" his wife's actions is a question of fact, not a mixed question. The statute's use of the word "connected" invokes a causation inquiry. *Da Silva v. Att'y General*, 948 F.3d 629, 635–36 (3d Cir. 2020). Whether that inquiry is a mixed question or a pure question of fact turns on whether it is a matter of cause-in-fact or proximate causation. The former is usually considered a question of fact and is generally either a but-for or "substantial factor" test. *See Patton v. Bickford*, 529 S.W.3d 717, 730 (Ky. 2016) (quoting Restatement (2d) of Torts § 431). But proximate causation—whether a given cause-in-fact was foreseeable—is typically a mixed question. *See, e.g.*, *Lake Shore & M. S. Ry. Co. v. Liidtke*, 69 N.E. 653, 657 (Ohio 1904); *Hellan v. Supply Laundry Co.*, 163 P. 9, 10 (Wash. 1917); *Pac. S. S. Co. v. Holt*, 77 F.2d 192, 198 (9th Cir. 1935); *Atlanta Obstetrics & Gynecology Grp., P.A. v. Coleman*, 398 S.E.2d 16, 17 (Ga. 1990).

Cause-in-fact is purely factual because it is a "simple question," whereas proximate cause "demands more nuance," so much so that it synonymous with "legal cause." *See Scott v. Wendy's Props., LLC*, 131 F.4th 815, 819–20 (7th Cir. 2025) (discussing general differences between cause-in-fact and proximate causation). The phrase "connected to" is exceptionally broad and incorporates no legal standard, but rather asks only whether there is some "causal or logical relationship" between two things. *Da Silva*, 948 F.3d at 636. It implies no requirement that the conviction be foreseeable. It is akin to cause-in-fact and is therefore unreviewable.

This court previously held otherwise in an unpublished opinion about another, substantially similar VAWA provision. *Santibanez-Sanchez v.*

5

*Garland*, No. 21-60958, 2024 WL 4471737, at *3 (5th Cir. Oct. 11, 2024); *see* 8 U.S.C. § 1182(a)(9)(C)(iii). But it assumed without elaboration that that provision's use of the phrase "connection between" created a "primarily factual" mixed question. *Santibanez-Sanchez*, 2024 WL 4471737, at *3 (quoting *Wilkinson*, 601 U.S. at 225, 144 S. Ct. at 792–93). In so doing, it overlooked an earlier, published opinion in which this court considered whether an asylum applicant's failure to show that his past persecution or feared future persecution was "on account of" his membership in a protected class. *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *abrogated in part on other grounds, Niz-Chavez v. Garland*, 593 U.S. 155, 158–61, 141 S. Ct. 1474, 1479–80 (2021); 8 U.S.C. § 1101(a)(42). The court held that it lacked jurisdiction to review that "factual question." *Pierre-Paul*, 930 F.3d at 694. The "connection between" language from *Santibanez-Sanchez* and the "connected to" language in this case are not meaningfully distinguishable from *Pierre-Paul*.

This court therefore lacks jurisdiction to consider Agwuegbo's argument that his wife's actions and his conviction were in fact connected, and we dismiss his petition to that extent.

2.

Agwuegbo's second contention—that the BIA violated 8 C.F.R. § 1003.1(d)(3)(iv) by addressing the connection between the alleged abuse and his conviction rather than remanding for the IJ to consider it in the first instance—is one for which we review *de novo*. *Santos-Zacaria v. Garland*, 126 F.4th 363, 368 (5th Cir. 2025). Agwuegbo must show "that the BIA developed a record, gathered new information, or chose between disputed facts." *Hammerschmidt v. Garland*, 54 F.4th 282, 290 (5th Cir. 2022). He argues that the BIA chose between disputed facts when it held that "no reasonable finder of fact could conclude" that Agwuegbo violated 18 U.S.C.

§ 1960 "because his wife threatened to divorce him if he didn't make more money."

We agree with the Government that the BIA did not choose between disputed facts, but rather took Agwuegbo's allegations as true and held that they were legally insufficient to show a connection between his conviction and his wife's actions. That seems to be what the BIA purported to do when it discussed the matter from the perspective of a "reasonable finder of fact." We therefore deny his petition on that point. To the extent that Agwuegbo challenges whether the BIA so held correctly, we again deny his petition. The BIA did not err in holding that Agwuegbo's allegations, taken as true, could not establish the requisite connection between his conviction and his wife's actions. It belies belief that his multi-million-dollar fraud scheme was caused by his wife's actions, which likely do not rise to the "extreme cruelty" required in the first place, *see* 8 U.S.C. § 1229b(b)(2)(C), when he never made that excuse during his antecedent criminal proceedings.

B.

Because the IJ never addressed the alleged cruelty and its connection to Agwuegbo's conviction, however, the IJ did not elicit more testimony about Agwuegbo's allegations of spousal abuse. We construe Agwuegbo's appeal liberally as including an allegation that his due process rights were violated. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (reviewing a similar argument through the lens of due process). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). But "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quotation marks and citation omitted). Agwuegbo has no due process claim because VAWA cancellation is discretionary. *See* 8 U.S.C. § 1229b(b)(2)(A) ("The Attorney General may cancel removal . . . .").

C.

The final issue respecting VAWA is Agwuegbo's allegation that the BIA did not consider a psychological evaluation diagnosing him with "Adjustment Disorder with Mixed Anxiety and Depressed Mood" stemming from his ex-wife's actions and the divorce. We review the BIA's decision "'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." *See Zamora-Garcia v. INS*, 737 F.2d 488, 490 (5th Cir. 1984). "'We do not require the BIA to specifically address every piece of evidence put before it,' but it is error for the agency to 'fail[] to address . . . key evidence." *Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018) (quoting *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1984)) (alterations in original). The BIA addressed his claim and considered his ex-wife's actions as he alleged them. The relevant statute asks whether an alien was "subjected to . . . extreme cruelty," not the degree to which certain alleged acts affected him in particular. § 1229b(b)(2)(A)(i). The BIA's failure to note Agwuegbo's psychological evaluation does not change that its decision "reflect[ed] meaningful consideration of the relevant substantial evidence." *Abdel-Masieh*, 73 F.3d at 585.

We deny Agwuegbo's petition with respect to his VAWA claim.

II.

To obtain withholding of removal under 8 U.S.C. § 1231(b)(3), an alien must show that he will "more likely than not face future persecution on account of" a protected characteristic, which must be "one central reason for the harm." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Likely future persecution is presumed if he establishes past persecution. 8 C.F.R. § 1208.16(b)(1)(i). Agwuegbo claims that he suffered past persecution for participating in a 2007 political protest because he was detained for two days,

was beaten, and required stitches in his hand after his release. Agwuegbo failed to show that this met the standard for past persecution.

"Persecution *always* requires an 'extreme' level of conduct." *Rangel v. Garland*, 100 F.4th 599, 604 (5th Cir. 2024) (quoting *Qorane v. Barr*, 919 F.3d 904, 909–10 (5th Cir. 2019)) (emphasis in original). It "does not include every sort of treatment our society regards as offensive." *Qorane*, 919 F.3d at 909. This court and others do not find past persecution in cases involving relatively short detentions resulting in relatively minor injuries. *See Mikhael v. INS*, 115 F.3d 299, 304 & n.4 (5th Cir. 1997) (collecting cases); *Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006) (month-long detention "under unpleasant and unduly prolonged but not brutal conditions" was insufficient to establish past persecution). While an applicant can establish a likelihood of future persecution without showing past persecution, Agwuegbo never made any such argument to the BIA despite being represented by counsel. The BIA properly found any such argument was waived.

Agwuegbo also claims that the BIA erred by failing to consider that he was deprived of food and water during his detention. "What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004). It is enough for the BIA to explicitly rely on the IJ's opinion, so long as it provides a "reasoned basis for review." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (quotation marks and citation omitted). Here, the BIA relied on the IJ's decision, which explicitly considered his deprivation of food and water.

We deny Agwuegbo's petition with respect to his withholding claim because the BIA's decision was supported by substantial evidence.

III.

Finally, Agwuegbo challenges the BIA's denial of his CAT claim. "An alien demonstrates eligibility for CAT relief by showing that (1) it is more likely than not that the alien will be tortured upon return to her homeland, and (2) there is sufficient state action involved in that torture." *Rangel v. Garland*, 100 F.4th 599, 609 (5th Cir. 2024) (quotation marks and citation omitted). "To meet this burden, the alien may produce evidence of past torture, an inability to relocate to a safer part of the country, human rights abuses committed within the country, and any other relevant information." *Majd v. Gonzales*, 446 F.3d 590, 595–96 (5th Cir. 2006) (citing 8 C.F.R. § 208.16(c)(3)).

Agwuegbo cannot demonstrate that "the incidents specific to him discussed above do not even rise to the level of persecution. It follows *a fortiori* they do not constitute torture." *Qorane*, 919 F.3d at 911 (citing *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002)). Instead, Agwuegbo claims that criminals in Nigeria are likely to kidnap him for ransom or otherwise extort him. Pointing to the calls to his father after his 2019 arrest, Agwuegbo suggests that he would be a target because of reports on the money involved in his crime and his $75,000 bail. Because he is a likely target, he claims that government authorities will extort him in exchange for their protection. That extortion, he asserts, will include death threats, which can qualify as torture for CAT purposes. *See* 8 C.F.R. § 1208.18(a)(4)(iii)–(iv).

The BIA rightly concluded that Agwuegbo's "claim relies on a series of suppositions and [he] did not establish that each hypothetical link in the chain of events was more likely than not to happen." Most of Agwuegbo's contentions are rooted in general evidence about conditions in Nigeria. "Generalized country evidence tells us little about the likelihood state actors will torture any particular person." *Qorane*, 919 F.3d at 911. He presents no evidence that anyone is still looking for him. His allegations that he is likely

No. 24-60388

to be tortured are too attenuated and insufficiently particularized. *See Tibakweitira v. Wilkinson*, 986 F.3d 905, 911–12 (5th Cir. 2021) (no CAT relief where alien failed to show that anyone from his country of origin had pursued him in recent years). Finally, local reports on his arrest and $75,000 bond all noted that he only paid $5,000 of that sum.

We deny Agwuegbo's petition with respect to his CAT claim because the BIA's decision was supported by substantial evidence.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.