### PULLMAN CO. v. CULBRETH.

(Circuit Court of Appeals, Fifth Circuit. November 5, 1924. Rehearing Denied December 5, 1924.)

No. 4291.

**1. Carriers 416—Negligence of sleeping car company in permitting assault on passenger to be continued held for jury.**

In passenger's action against sleeping car company for assault by other passenger, in which the company was charged with negligent omission of duty, evidence tending to show that none of employees came promptly to plaintiff's assistance *held* to raise jury question.

**2. Carriers 411 — Sleeping car company's duty toward passengers stated.**

Sleeping car company's duty to passenger is to cause constant watch to be kept during usual hours for sleeping for protection of passengers from injury, and not merely to exercise reasonable care after apprehension of danger arises.

**3. Appeal and error 717 — Statement of court in denying motion for new trial not considered on appeal from judgment rendered on verdict.**

Court's statement in denying motion for new trial not included in charge to jury will not be considered on appeal from judgment rendered on verdict.

**4. Witnesses 379(2) — Conversation with conductor after assault on passenger held admissible to impeach his testimony that he was asleep.**

In passenger's action against sleeping car company for assault by other passenger, conversation of witness with conductor some time after assault *held* admissible to impeach conductor's testimony that he was asleep, by proving that he gave a different reason for failure to assist passenger.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Suit by Mrs. Annie R. Culbreth against the Pullman Company. Judgment for plaintiff by the District Court (293 F. 402), and defendant brings error. Affirmed.

George W. Jones and C. P. McIntyre, both of Montgomery, Ala. (E. Perry Thomas, of Montgomery, Ala., and George A. Kelly, of Chicago, Ill., on the brief), for plaintiff in error.

W. W. Hill, Wiley C. Hill, and Richard T. Rives, all of Montgomery, Ala. (Powell, Albritton & Albritton, of Andalusia, Ala., and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, Ala., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

BRYAN, Circuit Judge. The plaintiff, a woman, sued the Pullman Company, defendant for damages suffered by her as the result of a violent assault. The defendant is charged with negligence for failure to prevent the assault from being made, and also from being continued after it had been made. The plaintiff was a passenger on one of defendant's sleeping cars, and during the usual hours for sleeping, about daylight in the morning, she was violently assaulted while in her berth by a man who was a stranger to her, and who also had a berth in the sleeping car. According to plaintiff's evidence, she was awakened by the man entering her berth and violently seizing her. The assault continued for several minutes, during which time the plaintiff attempted to reach the button of the electric bell, but, being prevented by her assailant from doing that, she resorted to outcries and calls for help. She was rescued by a man and his wife, who occupied a berth opposite to hers. None of the employees of the sleeping car came to her assistance until after the assault was over.

A rule of the Pullman Company requires that one of its employees shall be on constant watch during the time passengers are sleeping or in their berths. At the time of the assault there was no one immediately on guard. The conductor was lying down with his clothes on in an upper berth; the porter was in the smoking room; the flag-

man of the train, who claimed he had been sitting in the drawing room and maintaining a watch down the aisle, had gotten off of the rear end of the train, which was stopped at a station. The porter and the flagman each testified that he came to plaintiff's rescue immediately upon hearing her outcry. The conductor testified that the rules of the company permitted him to be asleep, at the time, and that he was asleep, and was not awakened until called by the porter, some time after the assault had occurred. A witness for the plaintiff testified that just after the assault he found the conductor awake in his berth, and, over defendant's objection, this witness was permitted to testify that he afterwards had a conversation with the conductor, in which the witness said, "I cannot understand yet how you could possibly lie there during that terrible screaming, right close to you," and that the conductor replied: "Well, we had a case a few nights ago, a soldier got very noisy, acted like a crazy man. I found the best way was not to pay much attention and he quieted down." The defendant offered evidence, which was not disputed, to the effect that it had no notice or reason to anticipate, from the appearance of the man who assaulted the plaintiff, or otherwise, that such an assault as was made would be or might be attempted.

At the close of the evidence, the court refused defendant's request to direct a verdict in its favor, and also refused its request to charge that the jury could not find for the plaintiff under that count of the declaration which relies upon negligence for failure to prevent the assault from taking place, if there was nothing in the conduct of the man who made the assault to indicate to the mind of a reasonable person that he was liable to offer insult to the plaintiff or other passengers in the car. The court of its own motion charged the jury that it was the defendant's duty to exercise reasonable care in watching over, guarding, and protecting the plaintiff from intruders while she occupied a berth during the usual hours for sleeping, and if a failure to exercise such care was the proximate cause of the assault upon the plaintiff, the defendant would be liable for the injuries sustained. There was a verdict and judgment for the plaintiff.

[1] The defendant assigns error, and relies principally upon the refusal of the court to give the charges which it requested. Clearly it was not error to refuse the peremptory instruction. There was evidence, though it was disputed, from which the jury could justly conclude that none of defendant's employees came promptly to plaintiff's assistance, in which event the defendant would be liable for permitting the assault to be continued.

[2] We are of opinion, also, that the trial court properly refused to give defendant's request to charge on the subject of reasonable care required of it, and that the charge given by the court of its own motion correctly states the law on that subject applicable to the facts of this case. The defendant has a rule which requires one of its employees to be constantly on guard during the usual hours for sleeping. It holds out to its passengers that they can go to bed and to sleep in safety, and that it will exercise reasonable care to afford adequate protection from harm either to their persons or property. This assurance of safety is extended to both sexes, and in accepting it a passenger is lulled into a sense of security, notwithstanding that the berths can be invaded by intruders, that those who occupy other berths are strangers, and that some of them may be dishonest, or inclined to commit assaults upon others. Because of the relationship thus created, the law imposes upon a sleeping car company, during the usual hours for sleeping, the duty to cause constant watch to be kept for the protection of passengers from injury. A failure to exercise this duty is negligence. 25 R. C. L. 26; Campbell v. Pullman Palace Car Co. (C. C.) 42 F. 484; Hill v. Pullman Co. (C. C.) 188 F. 497; Carpenter v. Railroad Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644; Lewis v. New York Sleeping Car Co., 143 Mass. 267, 9 N. E. 615, 58 Am. Rep. 135. Certainly it cannot be said as a matter of law that a sleeping car company is in the exercise of reasonable care, if the car is left unguarded during the usual hours for sleeping. In this case the court left it to the jury to determine whether such care had been exercised. The defendant was not entitled to a more favorable charge.

The defendant relies upon cases which hold that a sleeping car company cannot be charged with negligence, if there was nothing in the demeanor of passengers or otherwise to create in the mind of a reasonable person an apprehension of danger. If this means that nothing in addition to the reasonable care involved in maintaining a watch is required, it may be conceded that the proposition is sound; but, if it means that such care is not required until a reasonable apprehension of danger arises, then we cannot agree. The true rule, as it ap-

pears to us, is well stated in a case quite similar to this, by the Supreme Court of Tennessee: "The principle announced by these cases, which is a limitation upon the general rule of liability of the carrier, is altogether sound, but it comes into play as a matter of necessity, only when the carrier is diligent in discharge of his general duty to his passengers; in other words, is not guilty of negligence." Railroad Co. v. Hatch, 116 Tenn. 580, 94 S. W. 671.

The defendant concedes that the duty exists to maintain a constant watch under the circumstances of this case for the protection of property, but denies that a like duty exists for the protection of passengers. But if the admitted duty is being performed, then necessarily an assault upon a passenger would be discovered; and it could hardly be said, under such circumstances, that the defendant would be free from negligence if it failed to exercise reasonable care for the protection of the passenger.

[3] In the course of his opinion on a motion for a new trial in this case, the District Judge stated that the defendant should be held to a greater degree of care over the persons of sleeping passengers than over money and personal property. 293 F. 402. A large part of defendant's brief is given over to an attack upon the correctness of this statement. No such expression was used in the court's charge to the jury, and we are not concerned with the opinion delivered on the motion for a new trial.

[4] It is finally insisted that the court erred in permitting a witness for the plaintiff to detail a conversation which he claimed he had with the conductor some time after the assault. The conversation was admissible as tending to impeach the testimony of the conductor that he was asleep, by proving that he gave a different reason for his failure to go to plaintiff's assistance.

Error is not made to appear by any of the assignments, and the judgment is affirmed.

PER CURIAM. Rehearing denied.

ESTES, District Judge (concurring). The point is made in the motion for a rehearing that the language used in the opinion of this court establishes, as a matter of law, the duty on the part of the Pullman Company to maintain a constant watch for the protection of passengers against assault, and that thus the company is made a guarantor of the safety of passengers against assaults of fellow passengers, even if such assaults were unexpected and unforeseen. It is proper, I think, for me to state, under the conditions, that in my opinion that question—that is, whether a constant watch must, as a matter of law, be kept for the protection of Pullman passengers from unexpected assaults—is not in the case.

The complaint was that the plaintiff in error was negligent, in that it failed to use reasonable care in watching over and guarding and protecting the defendant in error from intruders. The evidence was that a watch of a kind was in fact kept, in that the porter was awake and nearby, the conductor, although asleep, was within calling distance, and a flagman, who had been sitting in view of the aisles, had temporarily, and just before the assault, left the car. The charge to the jury was that it was "the duty of the defendant to exercise all reasonable care, skill, and diligence in watching over, guarding, and protecting the plaintiff from intruders, * * * and if they failed to exercise such skill and diligence, and thereby and as a proximate result thereof the plaintiff was assaulted, she would be entitled to recover damages."

So the point decided by the jury was that the watch maintained on the occasion complained of was not of the character or was not as careful and continuous a watch as reasonable care in that regard required. What would constitute reasonable care and be a sufficient watch, under the circumstances, were for the jury to determine. If they had been told, as a matter of law, that a constant watch, as that expression would have been applied to the facts of this case, should have been kept to protect passengers from assault, the province of the jury would, in my opinion, have been invaded.

It is with the view that there was no error in the charge, and that there is evidence to sustain the verdict of the jury, that I concur with the majority of the court in the opinion that the motion should be overruled.