[No. 32104.   *En Banc.*   March 25, 1953.]

LORRAINE McLEOD, *a Minor, by Louise McLeod, her Guardian ad Litem, Appellant,* v. GRANT COUNTY SCHOOL DISTRICT No. 128, *Respondent.*[1]

[1]Reported in 255 P. (2d) 360.

*Ned W. Kimball* and *C. M. Clark,* for appellant.

*Witherspoon, Witherspoon & Kelley* and *Robert S. Campbell, Jr.,* for respondent.

HAMLEY, J.—This action was brought on behalf of a twelve-year-old school girl, to recover damages in the sum of twenty-five thousand dollars from defendant school district, resulting from plaintiff's forcible rape by fellow students during a noon recess in the school gymnasium.

The trial court sustained demurrers to the complaint and amended complaint. Plaintiff declined to plead further, and judgment was accordingly entered for defendant. Plaintiff appeals. The only question before us is whether the amended complaint states a cause of action.

The facts alleged in the amended complaint, and admitted for the purposes of the demurrer, are as follows: Defendant maintains and operates a public school building, including a

gymnasium at Hartline, in Grant county, Washington. There is a grandstand along one side of the playing floor of the gymnasium. Under this grandstand there is a long, dark room. The only opening into this room is by an unlocked wooden door. The children attending the school are permitted to play in the gymnasium during the noon recess. Defendant had appointed one of its teachers to supervise the activities of the students while they were occupying the gymnasium, for the purpose of protecting any student from being harmed by other students.

On January 29, 1951, which was a regular school day, the teacher appointed to supervise activities in the gymnasium during the noon recess absented himself, and the school children were without supervision. At that time, plaintiff, who is a regularly enrolled student at the school, was playing with other children in the gymnasium. During this noon recess, several school boys, ranging in age from twelve to sixteen years, carried plaintiff through the doorway into the darkened room under the grandstand, where she was forcibly raped by two of the boys whom plaintiff believed to be fifteen years old. While plaintiff was being carried into this room, she cried out for help, but could not gain the attention of any adult. After she was forced into the room, she was prevented from making further outcry.

The amended complaint then contains this further allegation:

"That defendant knew or should have known that acts of indecency do occur when children are not supervised and should have foreseen that the injuries inflicted upon the plaintiff were reasonably likely to occur unless the defendant provided adequate supervision."

■ A school district may be sued "for an injury to the rights of the plaintiff" arising from some act or omission of such district. RCW 4.08.120 (Rem. Rev. Stat., § 951). An exception is made where such injury results from the use of athletic apparatus or appliances or manual training equipment. RCW 28.58.030 (Rem. Rev. Stat., § 4706). *Stovall v. Toppenish School Dist. No. 49*, 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908; *Briscoe v. School Dist. No. 123*, 32 Wn. (2d) 353,

201 P. (2d) 697. Since the noted exception does not here apply, the liability of respondent school district for the alleged tortious acts or omissions of its officers, agents or servants is to be determined according to the normal rules of tort law. *Briscoe v. School Dist. No. 123, supra.*

█ The tort here charged is negligence. In order to state a cause of action for negligence, it is necessary to allege facts which would warrant a finding that the defendant has committed an unintentional breach of a legal duty, and that such breach was a proximate cause of the harm. See *Ullrich v. Columbia & Cowlitz R. Co.,* 189 Wash. 668, 66 P. (2d) 853; *Harvey v. Auto Interurban Co.,* 36 Wn. (2d) 809, 220 P. (2d) 890.

The trial court sustained respondent's contention that appellant's complaint and amended complaint failed to state facts which would warrant a finding for appellant as to either negligence or proximate cause. We will first consider the adequacy of the allegations as to negligence.

In order to decide whether respondent committed an unintentional breach of a legal duty, it is first necessary to determine what respondent's legal duty was, under the circumstances. The two factors to be considered in making that determination are, first, the relationship between the parties, and second, the general nature of the risk.

█ The relationship here in question is that of school district and school child. It is not a voluntary relationship. The child is compelled to attend school. He must yield obedience to school rules and discipline formulated and enforced pursuant to statute. See RCW 9.11.040 (4) (Rem. Rev. Stat., § 2416 [4] ); RCW 28.58.100 (Rem. Supp. 1943, § 4776 [part] ); RCW 28.67.100 (Rem. Rev. Stat., § 4854); RCW 43.63.140 (6) (Rem. Rev. Stat. (Sup.), § 4529 [6] ). The result is that the protective custody of teachers is mandatorily substituted for that of the parent.

The duty which this relationship places upon the school district has been stated in the *Briscoe* case, *supra,* as follows:

"As a correlative of this right on the part of a school district to enforce, as against the pupils, rules and regulations prescribed by the state board of education and the superin-

tendent of public instruction, a duty is imposed by law on the school district to take certain precautions to protect the pupils in its custody from dangers reasonably to be anticipated." (p 362)

It will be observed that the duty of a school district, as thus defined, is to anticipate dangers which may reasonably be anticipated, and to then take precautions to protect the pupils in its custody from such dangers. Under the facts alleged, would the jury be warranted in finding that the danger which here confronted appellant was reasonably to be anticipated?

The harm which came to appellant was not caused by the direct act or omission of the school district, but by the intervening act of third persons. The fact that the danger stems from such an intervening act, however, does not of itself exonerate a defendant from negligence. If, under the assumed facts, such intervening force is reasonably foreseeable, a finding of negligence may be predicated thereon. *Berglund v. Spokane County,* 4 Wn. (2d) 309, 103 P. (2d) 355; Prosser on Torts 354, § 49.

This principle has special application in cases, such as the one before us, where the defendant has custody of the plaintiff. In *Briscoe v. School Dist. No. 123, supra,* we noted and applied § 320 of Restatement of Torts, which reads as follows:

"One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal power of self-protection or to subject him to association with persons likely to harm him, is under a duty of exercising reasonable care so to control the conduct of third persons as to prevent them from intentionally harming the other or so conducting themselves as to create an unreasonable risk of harm to him, if the actor
  "(a) knows or has reason to know that he has the ability to control the conduct of the third persons, and
  "(b) knows or should know of the necessity and opportunity for exercising such control." 2 Restatement, Torts, 867, § 320.

Counsel for respondent do not appear to take a different view of the law up to this point in our analysis. They point

out, however, that the particular intervening act in question was a crime—forcible rape. They contend, in addition, that the complaint alleges no facts which would warrant the conclusion that such an intervening criminal act was reasonably foreseeable. Our attention is called to the fact that there are no allegations that the two boys alleged to have raped appellant had known vicious propensities. It is further asserted, as a matter of common knowledge of which we should take notice, that grade school children of both sexes play together without supervision and without resulting acts of rape.

■ Whether or not an intervening act is criminal in nature, is a fact to be considered in determining whether such act was reasonably foreseeable. But intervening criminal acts may be found to be foreseeable, and if so found, actionable negligence may be predicated thereon. *Whitehead v. Stringer,* 106 Wash. 501, 180 Pac. 486, 5 A. L. R. 358; *Prosser on Torts,* 357, § 49; Harper, Laws of Torts, 275, § 124; 2 Restatement, Torts, 1199, § 448. In *Hines v. Garrett,* 131 Va. 125, 108 S. E. 690, and *Pullman Co. v. Culbreth,* 2 F. (2d) 540, 42 A. L. R. 164, actionable negligence was based upon what was held to be a foreseeable intervening act of rape.

■ It seems to us, however, that counsel unjustifiably restrict the issue when they ask us to focus attention upon the specific type of incident which here occurred—forcible rape. Whether foreseeability is being considered from the standpoint of negligence or proximate cause, the pertinent inquiry is not whether the actual harm was of a particular kind which was expectable. Rather, the question is whether the actual harm fell within a general field of danger which should have been anticipated. *Berglund v. Spokane County,* supra; Harper, Law of Torts, 14, § 7; 2 Restatement, Torts, 1173, § 435. This thought is further developed in the following statement by Professor Harper, which we quoted with approval in the *Berglund* case:

"The courts are perfectly accurate in declaring that there can be no liability where the harm is unforeseeable, if 'foreseeability' refers to the general type of harm sustained. It is literally true that there is no liability for damage that falls

entirely outside the general threat of harm which made the conduct of the actor negligent. The sequence of events, of course, need not be foreseeable. The manner in which the risk culminates in harm may be unusual, improbable and highly unexpectable, from the point of view of the actor at the time of his conduct. And yet, if the harm suffered falls within the general danger area, there may be liability, provided other requisites of legal causation are present." Harper, Law of Torts, 14, § 7.

Considering all of the allegations of the complaint, we believe that here the general field of danger was that the darkened room under the bleachers might be utilized during periods of unsupervised play for acts of indecency between school boys and girls. If the school district should have reasonably anticipated that the room might be so used, then the fact that the particular harm turned out to be forcible rape rather than molestation, indecent exposure, seduction, or some other act of indecency, is immaterial. Had school children been safeguarded against any of these acts of indecency, through supervision or the locking of the door, they would have been protected against all such acts.

Should the question of whether this was a danger reasonably to be anticipated be left to the jury, or should the court decide, as a matter of law, that it was not reasonably to be anticipated?

Our past decisions, some dealing with negligence and others with proximate cause, and the Restatement of Torts, provide some guidance as to when it is proper for the court to decide such a question as a matter of law. In *Sitarek v. Montgomery*, 32 Wn. (2d) 794, 203 P. (2d) 1062, we held, as a matter of law, that the intervening act of a neighbor in shooting a baby sitter was not reasonably foreseeable by the employer of the baby sitter. It was our opinion that the injury was the result of a succession of "most unusual and unforeseen events" which, "by no flight of the imagination," could have been anticipated. See, also, *Leach v. School Dist. 322*, 197 Wash. 384, 85 P. (2d) 666; *Johnson v. Central Bldg. Co.*, 35 Wn. (2d) 299, 212 P. (2d) 796; *Cook v. Seidenverg*, 36 Wn. (2d) 256, 217 P. (2d) 799.

In *Berglund v. Spokane County*, 4 Wn. (2d) 309, 103 P. (2d) 355, on the other hand, we declined to hold, as a matter of law, that the intervening negligence of an automobile driver was not reasonably foreseeable. In reaching this conclusion, the test we applied was whether such· occurrences are so highly extraordinary or improbable as to be wholly beyond the range of expectability. See, also, *Eckerson v. Ford's Prairie School Dist. No. 11*, 3 Wn. (2d) 475, 101 P. (2d) 345; *Bronk v. Davenny*, 25 Wn. (2d) 443, 171 P. (2d) 237.

Restatement of Torts suggests these tests:

"c. Where it appears to the court in retrospect that it is highly extraordinary that an intervening force came into operation the court will declare such force to be a superseding cause." Restatement of the Law, 1948 Supplement, 737, § 435, comment c.

"a. If the facts are undisputed, it is usually the duty of the court to apply to them any rule which determines the existence or extent of the negligent actor's liability. If, however, the negligent character of the third person's intervening act or the reasonable foreseeability of its being done (see §§ 447 and 448) is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury." 2 Restatement, Torts, 1208, § 453, comment a.

■ It is alleged in the amended complaint that the school boys· who committed these crimes were fifteen years of age; that respondent knew or should have known that acts of indecency do occur when children of that age are not supervised; and that the school children had unrestricted access to a darkened room located in an out-of-the-way part of the building, to which room entrance could be made through only one door. We believe that these well-pleaded facts, together with the reasonable inferences therefrom, leave room for a reasonable difference of opinion as to whether the school district should reasonably have anticipated that the darkened room might be used for acts of indecency. Moreover, viewing events in retrospect, we are unable to say that it is highly extraordinary that the room was actually used

for such acts. It is therefore our conclusion that the question of whether the danger was one which should have been reasonably anticipated by respondent was one for the jury to decide.

■ The allegations as to inadequate supervision and leaving the door unlocked also presented a jury question as to whether respondent took reasonable precautions to protect appellant from the danger. Respondent's contention that the amended complaint does not contain sufficient allegations as to negligence must therefore be rejected.

This brings us to the question of whether the amended complaint states facts which would warrant a finding that respondent's negligence, if any, in failing to anticipate and guard against the danger of the room under the bleachers being used for acts of indecency, was a proximate cause of the harm which here occurred.

Having given full consideration to the factor of foreseeability in discussing the allegations as to negligence, it is not necessary to cover the same ground in dealing with proximate cause. We have held that it is for the jury to decide whether the general field of danger should have been anticipated by the school district. If the jury finds respondent negligent in not having anticipated and guarded against this danger, then it is not for the court to say that such negligence could not be a proximate cause of a harm falling within that very field of danger.

The principle which we here apply is stated as follows in Harper, Law of Torts, 259, § 111:

"Now if the harm which has actually occurred is one of the particular risks which made the actor's conduct negligent, it is obviously a consequence for which the actor must be held legally responsible. Otherwise, the legal duty is entirely defeated. Accordingly, the generalization may be formulated that all particular consequences, that is, consequences which occur in a manner which was reasonably foreseeable by the defendant at the time of his misconduct, are legally caused by such breach of duty."

The application of this principle in cases where, as here, the foreseeable danger relates to the intervening acts of third persons, is noted as follows in Restatement of Torts:

"If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." 2 Restatement, Torts, 1202, § 449.

This statement has been quoted and applied in the following decisions of this court: *Eckerson v. Ford's Prairie School Dist. No. 11, supra; Berglund v. Spokane County, supra; Swanson v. Gilpin,* 25 Wn. (2d) 147, 169 P. (2d) 356; *Bronk v. Davenny, supra.*

We therefore hold that the allegations of the amended complaint present a jury question as to proximate cause as well as negligence. Appellant has stated a cause of action, and the demurrer to the amended complaint should not have been sustained.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer.

GRADY, C. J., SCHWELLENBACH, FINLEY, and WEAVER, JJ., concur.

OLSON, J. (dissenting)—I cannot subscribe to the view of the majority that the well-pleaded facts or the reasonable inferences from the facts well pleaded in this case require the court to submit to a jury the issue of whether or not the school district reasonably should have anticipated that a darkened room, available to school boys and girls as was this room, might be utilized during periods of unsupervised play for acts of indecency. In this regard, we have before us only the pleader's conclusion, unsupported by allegations of fact sufficient to sustain it. In my opinion, the trial court was correct in its ruling on the demurrer.

MALLERY, HILL, and DONWORTH, JJ., concur with OLSON, J.