[No. 35117. Department Two. January 7, 1960.]

DOUGLAS A. COATES, *a Minor, by his Guardian ad Litem, Douglas O. Coates, Appellant,* v. TACOMA SCHOOL DISTRICT No. 10, *Respondent.*[1]

[1]Reported in 347 P. (2d) 1093.

*Edwin R. Johnson,* for appellant.

*Harold L. Hawkins, James R. Lowry,* and *Spirro Damis,* for respondent.

HILL, J.—A demurrer was sustained to a complaint which asked damages from the Tacoma school district for injuries suffered by a minor, a student in one of the Tacoma high schools, when a vehicle in which he was a passenger left the roadway and struck a telephone pole at 2:00 a.m. on a Sunday morning. The driver of the car was a student at the same high school, and was driving at a "high, dangerous and unlawful rate of speed on a curvy road and while under the influence of intoxicating liquors." This was many miles from the high school, and in another county.

The connection between the school district and the incident causing the injuries, relied on to establish liability, was that the injuries occurred during the initiation ceremonies into a club organized with the alleged consent and sponsorship of the school district.

It was alleged further that the school district had

" . . . an advisor appointed by them to assist and supervise the said club in all of its activities, but . . . no check or control was kept of the activities . . . "

and the result was unsupervised meetings and initiations, and the drinking of intoxicants by student members at their meetings and initiations. It was further alleged that the school district knew, or should have known, that acts of drinking and recklessness occur when high school students are not supervised; and should have foreseen that the injuries sustained were likely to occur unless adequate supervision was provided. It was also alleged that the lack of supervision was the proximate cause of the plaintiff's injuries.

Following the sustaining of the demurrer, the plaintiff refused to plead further, and the action was dismissed with prejudice. The plaintiff has appealed.

It is to be noted that this is not a case involving the duty of the school district to supervise students while on the school premises during school hours, as in *McLeod v. Grant County School Dist. No. 128* (1953), 42 Wn. (2d) 316, 255 P. (2d) 360; *Briscoe v. School Dist. No. 123* (1949), 32 Wn. (2d) 353, 201 P. (2d) 697; or with reference to the maintenance of school property and facilities as in *Kidwell v. School Dist. No. 300* (1959), 53 Wn. (2d) 672, 335 P. (2d) 805; *Holt v. School Dist. No. 71* (1918), 102 Wash. 442, 173 Pac. 335; *Howard v. Tacoma School Dist. No. 10* (1915), 88 Wash. 167, 152 Pac. 1004.

We are here concerned with the school district's responsibility for supervising an organization and the activities of its members (having no relationship to any curricular or generally recognized extracurricular activities such as football, debate, band, and the like) on a nonschool day (2:00 a.m. on a Sunday morning) at a point far removed from the school (near Grapeview in Mason county).

We find the complaint fatally defective in several respects, and, particularly, in what it fails to state.

There is no allegation that the school district appointed

a teacher or an employee to supervise the members of the organization in question, nor is there any allegation relative to knowledge or lack of knowledge of teachers or employees. We have only the flat allegation that the school district had appointed an advisor to assist and supervise the club in its activities, and that he failed so to do.

If the person so appointed was neither a teacher nor an employee, it would be difficult to make out a case for the application of respondeat superior in the absence of some duty on the part of the school district to furnish supervision of the activities of the club in question. There is no allegation of any such duty, nor are any facts alleged from which such a duty can be inferred; nor any allegations that the supervisor appointed was not a competent and proper person.

There is no allegation that this club was a curricular or extracurricular activity of the school district within the statutory powers given to a school district. In short, there is no allegation as an ultimate fact, or of facts from which the ultimate fact could be inferred, that would even indicate that the sponsorship and supervision of the club referred to was within the powers which the school district could exercise.

■ The plaintiff urges that the action was commenced pursuant to RCW 4.08.120, which reads as follows:

"Actions against public corporations. An action may be maintained against a county or other of the public corporations mentioned or described in RCW 4.08.110, either upon a contract made by such county, or other public corporation in its corporate character and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation. [1953 c 118 § 2; Prior: Code 1881 § 662; 1869 p 154 § 602; RRS § 951.]"

It is his position that, under this statute, the question of whether the school district acted in excess of its authority is immaterial, if his injury resulted from some act or omission on its part. This is based on the contention that the limitation "within the scope of its authority," as it appears in the

statute, applies only to contracts and not to torts. The plaintiff cites no authority for his position.

We have held to the contrary and stated that a school district or "other public organization" was not responsible for torts arising from *ultra vires* activities. *Juntila v. Everett School Dist. No. 24* (1934), 178 Wash. 637, 35 P. (2d) 78. See, also, *Woodward v. Seattle* (1926), 140 Wash. 83, 248 Pac. 73, which gives emphasis to a former holding that a municipal corporation has only such implied powers as are indispensable to its declared objects and purposes.

■   We are further satisfied that no cause of action has been stated, because the negligence charged is failure to supervise, and the events which resulted in the injuries to the plaintiff could not have been anticipated as arising from that breach of duty.

Plaintiff relies on *McLeod v. Grant County School Dist. No. 128, supra,* where the negligence was the failure of the school district to provide adequate supervision within the school buildings during a noon-recess period; and we held that a jury could find that the failure of supervision was the proximate cause of the rape of a twelve-year-old girl by some of her male school mates.

Four members of the court thought we went too far in that case in holding that an intervening forcible rape should have been anticipated, as a consequence of a failure to properly supervise the play of children on the school premises.

The plaintiff asks us to go much further in this case, and to extend the area and the time and the activities to which the failure to supervise attaches liability to a school district.

Note the differences: The activities, which caused the injuries complained of in the *McLeod* case, occurred on the school premises; here, they occurred on a highway many miles from the school. In the *McLeod* case they occurred during a noon-*recess* period; here, they occurred at 2:00 a.m. on a Sunday morning. In the *McLeod* case the unsupervised activities were naturally associated with the school; here, they involved an initiation into a club that had no curricular or no representative extra-curricular connection

with the school. There is the bare allegation that the school district sponsored the club and appointed a supervisor. It does not even appear that the club's regular meetings were on school property.

But transcending these differences is the insistence in the *McLeod* case that the injured child was compelled to attend school and that she was in the protective custody of the school district while on the school premises for that purpose; whereas, here, the time and place of the plaintiff's injury would normally suggest that the responsibility for adequate supervision of what he and his associates did and what they drank and how they drove, in connection with their purely voluntary activities, was with the parents and the institution known as the home. The how and why of any transfer of the protective custody of the parents to the school district on nonschool days, on nonschool property, and in purely voluntary activities must appear from the complaint in such a case as this.

We decline to extend the holding in the *McLeod* case, either to the extent of supervision suggested in this case, or to the foreseeability of the happening of the intervening events between the negligence and the injuries.

As said in *Cook v. Seidenverg* (1950), 36 Wn. (2d) 256, 262, 217 P. (2d) 799,

"There can be no liability for an act of negligence unless such act was the approximate cause of the injury. *Johanson v. King County,* 7 Wn. (2d) 111, 109 P. (2d) 307.

"Where, as here, the facts are taken as undisputed, and the inferences therefrom are plain and do not admit of reasonable doubt or difference of opinion, the question of proximate cause becomes a question of law for the court. *Bracy v. Lund,* 197 Wash. 188, 84 P. (2d) 670; 2 Restatement, Torts 1171, § 434.

"The allegation of the amended complaint that the accident was a direct and proximate result of respondents' alleged negligence, is therefore a mere conclusion of law. A demurrer does not admit conclusions of law. *Hamp v. Universal Auto Co.,* 173 Wash. 585, 24 P. (2d) 77; *Moen v. Zurich General Accident & Liability Ins. Co.,* 3 Wn. (2d) 347, 101 P. (2d) 323.

"In *Eckerson v. Ford's Prairie School Dist. No. 11*, 3 Wn. (2d) 475, 101 P. (2d) 345, we defined the term 'proximate or legal cause' as follows:

" 'An actual cause, or cause in fact, exists when the act of the defendant is a necessary antecedent of the consequences for which recovery is sought, that is, when the injury would not have resulted 'but for' the act in question. But a cause in fact, although it is a *sine qua non* of legal liability, does not of itself support an action for negligence. Considerations of justice and public policy require that a certain degree of proximity exist between the act done or omitted and the harm sustained, before legal liability may be predicated upon the 'cause' in question. It is only when this necessary degree of proximity is present that the cause in fact becomes a legal, or proximate, cause. . . .' "

See *Leach v. School Dist. No. 322* (1938), 197 Wash. 384, 85 P. (2d) 666. See, also, *Read v. School Dist. No. 211* (1941), 7 Wn. (2) 502, 110 P. (2d) 179, which holds proximate cause was not established, and is of interest though not squarely in point because not decided on a demurrer.

The plaintiff relies on the case of *Powlett and Powlett v. University of Alberta* (1934), 2 Western Weekly Rep. 209, 160 A. L. R. 157, in which the board of governors of the University of Alberta was held responsible for the tragic results of hazing occurring in the residence and dining hall maintained by it. The case is so readily distinguishable as to require no comment.

The authorities cited by the plaintiff are readily distinguishable, and are not even remotely applicable to the present case.

While not all inclusive of the reasons why the complaint in question fails to state a cause of action, we base our conclusions on the following propositions:

A complaint for personal injuries against a school district is demurrable, if it fails to allege facts from which it may be inferred: (a) that the act or omission of the school district, on which liability depends, was within the scope of its authority; (b) that the relationship to the school district of the person who was responsible for such act or omission, made the principle of respondeat superior appli-

cable; and (c) that the school district owed a duty to the plaintiff, which was breached by the act or omission complained of.

■ A complaint by a minor student for personal injuries against a school district is demurrable where the event causing the injuries is so distant in time and place from any normal school activity that it would be assumed that the protective custody was in the parents, unless facts and circumstances are alleged which extend the duty of the school district beyond the normal school district-student relationship.

■ Any complaint for personal injuries is demurrable where the degree of proximity between the breach of duty complained of and the events in the casual chain resulting in the injuries sustained is so remote that it can be said, as a matter of law, that the breach of duty was not a proximate cause of the injuries.

The judgment of dismissal is affirmed.

WEAVER, C. J., FINLEY, OTT, and FOSTER, JJ., concur.