**Lynn MCTAGGART, et al.,**
**Plaintiffs—Appellants,**

v.

**James R. TAYLOR, et al.,**
**Defendants—Appellees.**

No. 01–35730.
D.C. No. CV–99–01152–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Oct. 1, 2002.

Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.

* The Honorable James C. Hill, United States Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Before HILL *, GOULD and BERZON, Circuit Judges.

MEMORANDUM **

After James Taylor, recreation director for the City of Burlington, placed a videotape in the restroom of the Recreation Building, Lynn McTaggart, along with other plaintiffs videotaped by Taylor, brought suit against Taylor, the City Personnel Director Richard Patrick, and the City of Burlington. McTaggart currently appeals the district court's grant of summary judgment in favor of defendants Patrick and the City of Burlington, dismissing McTaggart's state law claims of negligent supervision and hiring, as well as her claims pursuant to 42 U.S.C. § 1983 (" § 1983"). We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ 1. McTaggart did not present sufficient evidence from which a reasonable jury could infer that either Patrick or the City of Burlington "knew, or in the exercise of reasonable care should have known" that Taylor "presented a risk of danger to others," *Thompson v. Everett Clinic*, 71 Wash.App. 548, 860 P.2d 1054, 1058 (1993) (citations omitted), and that the "field of danger" he created included the videotaping of women and children in the restroom of the Recreation Building, *McLeod v. Grant Sch. Dist.*, 42 Wash.2d 316, 255 P.2d 360, 363 (1953). Although McTaggart alleges that Taylor had a known history of "peeping," the only evidence of prior "peeping" activity is supplied by a 1974 incident. According to McTaggart, Patrick knew that Taylor was arrested for trespass, but not convicted, after looking

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

into a neighbor's window in 1974. Not only is a 23–year–old arrest for trespass scant notice that Taylor would videotape women in 1997, but also, policies established by Washington state law at the time of Taylor's employment discouraged Patrick and the City of Burlington from considering this incident. *See, e.g.,* Wash. Rev.Code § 10.97.050 (2001) (restricting the dissemination of non-conviction data). *See also* Wash. Admin. Code. § 162–16–060 (repealed 1999) (prohibiting employment discrimination on the basis of criminal convictions more than 7 years old).

Although McTaggart points to other incidents, such as Taylor's discussion of adult videos with a female coworker and dissemination of a sexually explicit questionnaire, there is an insufficient nexus between these, arguably inappropriate, but likely legal, activities and Taylor's future utterly lawless behavior. *Cf. Van Ort v. Estate of Stanewich,* 92 F.3d 831, 837 (9th Cir.1996) (police department could not foresee that police officer with history of violence would "become a free-lance criminal.") Therefore, summary judgment on McTaggart's state law claims was appropriate.

■ 2. McTaggart's contention that the City of Burlington is liable, under § 1983, for Taylor's videotaping activities also fails, because McTaggart's injuries did not result from a municipal policy or custom. *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). McTaggart cannot, as a matter of law, establish that the City of Burlington had a policy of negligent supervision or retention: Because McTaggart failed to demonstrate facts sufficient to defeat summary judgment on the state law claims of negligent supervision and retention, she necessarily failed to meet the higher burden of "deliberate indifference" to a specific known risk that governs negli-

gent supervision and retention claims brought under § 1983. *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

■ We likewise reject the contention that Taylor's clandestine videotaping activities themselves represented official municipal "policy." Whatever authority Taylor possessed as the recreation director, his decision to place a video camera in the women's restroom clearly exceeded that authority. Because Taylor did not have policymaking authority with respect to the particular action that caused McTaggart's injuries (*e.g.* the videotaping), the City of Burlington is not liable. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Christie v. Iopa,* 176 F.3d 1231, 1236–37 (9th Cir. 1999). The City of Burlington was entitled to summary judgment on McTaggart's § 1983 claims.

3. Defendant Patrick is also entitled to summary judgment on McTaggart's § 1983 claims. In considering whether Patrick is entitled to summary judgment on the basis of qualified immunity, we first consider, as a threshold question, whether McTaggart's allegations, taken in the light most favorable to her, show that Patrick's conduct violated a constitutional right. *Billington v. Smith,* 292 F.3d 1177, 1183–84 (2002) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Although McTaggart alleges that Patrick's conduct in negligently supervising and retaining Taylor violated her constitutional right to privacy, we have concluded that McTaggart's allegations, taken in the light most favorable to her, failed to show that Patrick's conduct caused a constitutional violation. Therefore, McTaggart's claim fails at the threshold step, and we need not go on to consider whether McTaggart's privacy right was clearly established, nor whether Patrick's

conduct, even if violative of McTaggart's rights, was nonetheless reasonable. *Id.* Because Patrick caused no constitutional violation, he is entitled to qualified immunity. *Id.*

AFFIRMED