166 P.3d 1263 (2007)
YONG TAO, a single man, Appellant,
v.
HENG BIN LI and Jane Doe Li, individually and as a marital community; Fuhe Sun and Jane Doe Sun, individually and as a marital community; Asia Performing Art Theater, a Washington non-profit corporation, doing business as Asian Performing Arts Theater and doing business as Apat; Heng Da Dance Company, a sole proprietorship; Fung-Kei "Frank" Lau and Joanna Lau, individually and as a marital community; Benjamin K.C. Lee and Mayumi O. Lee, individually and as a marital community; Stanley Tam and Jane Doe Tam, individually and as a marital community; Angela Wan and John Doe Wan, individually and as a marital community; Xiaoyan Wu and John Doe Wu, individually and as a marital community; Ford Motor Company, a Delaware corporation; Lynnwood Auto Rentals, Inc., dba U-Save Auto Rental, Defendants,
Heng Da Li and Jane Doe Li II, individually and as a marital community, Respondents.
No. 24779-1-III.
Court of Appeals of Washington, Division 3.
September 18, 2007.
*1265 Amos R. Hunter, Amos R. Hunter PS, Jess Gregory Casey, Casey Law Offices PS, Spokane, WA, for Appellant.
Robert William Novasky, Mathew Dominic Marinelli, Melanie T. Stella, Burgess Fitzer PS, Tacoma, WA, Matthew Taylor Boyle, Mitchell Lang & Smith, Seattle, WA, for Respondents.
Bryan Patrick Harnetiaux, Attorney at Law, Spokane, WA, for Amicus Curiae on behalf of Washington State Trial Lawyers Association Foundation.
KULIK, J.
¶ 1 The trial court summarily dismissed a passenger's suit for personal injuries against the driver, who led a caravan of three vans. The defendant was the driver of the first van and the director of a Seattle performing arts theater. He arranged for members of a Chinese dance troupe to perform in the Northwest. The plaintiff was a member of that troupe and a passenger in the second van. The lead driver set the dance troupe's schedule, rented the vans, and made hotel and other arrangements for the troupe. The lead driver instructed the two other van drivers to follow at intervals of 200 meters on their trip from Spokane to Portland. The lead driver then drove at speeds too fast for the severe winter road conditions. The passenger was seriously injured when the second van rolled over. The court concluded that the lead driver had no duty to the passenger in the second van.
¶ 2 We conclude that the passenger has made an adequate showing that (1) there was an agent/principal relationship between the lead driver and the second driver, (2) that the drivers were acting in concert, and (3) that the lead driver owed a duty to the passenger, and violated that duty. We reverse the summary dismissal and remand for trial.

FACTS
¶ 3 Heng Da Li, the lead driver, was the artistic director of the Asian Performing Arts Theater. In this capacity, he organized the performances and arranged for hotels and transportation for the performers in the "China in Dance 2001  Legends of the Dynasties" dance troupe. Clerk's Papers at 2. The troupe consisted of 34 high school age dancers from the Beijing Dance Academy. The troupe toured and performed in the northwest United States in February 2001. The lead driver rented three 15-passenger vans to transport members of the troupe from Spokane, Washington, to Portland, Oregon. He drove the lead van. His brother, Heng Bin Li, drove the second van. And Fuhe Sun drove the third van.
¶ 4 The troupe left Spokane headed for Portland. The lead driver instructed Heng Bin Li and Fuhe Sun to follow him and stay at intervals of 200 meters. They did so, in order: first, the lead driver, then Heng Bin Li, then Fuhe Sun. Heng Bin Li could not read the road signs written in English, did not have a map, had not traveled the route to Portland before, and kept in contact with the lead driver's vehicle by walkie-talkie. According to the lead driver, the second driver was under the lead driver's control and direction on the journey.
¶ 5 The troupe traveled to Portland during a severe winter storm. The highway, State Route 395, was covered with ice and snow. The lead driver saw ice on the highway. The *1266 driver of the second van had no experience driving on ice and snow. The vans, nevertheless, drove at high speeds  too fast for the road conditions. Some witnesses estimated the vans' speeds at 70 to 75 m.p.h. and, in any event, faster than other traffic headed south on State Route 395.
¶ 6 The second driver lost control of his van. The van skidded and flipped over. A 17-year-old passenger, Yong Tao, was ejected from the van and injured. Two other passengers died. Yong Tao sued the lead driver and the second driver for damages. Yong Tao alleged that the driver of his van acted in concert with the lead driver and that his driver was the agent of the lead driver. Yong Tao claimed that both were negligent.
¶ 7 The lead driver moved for summary dismissal. The court concluded that the lead driver had no duty to the passengers in the second van and dismissed the suit against the defendants.

ANALYSIS
¶ 8 The court summarily dismissed the plaintiff's complaint. The question here is whether there are genuine issues of material fact, when the evidence is viewed in a light most favorable to the nonmoving party. McCormick v. Lake Wash. Sch. Dist., 99 Wash.App. 107, 111, 992 P.2d 511 (1999). Our factual recitation reflects the application of this standard. We recited the facts in a light most favorable to the plaintiff, Yong Tao, who is the nonmoving party. Doherty v. Municipality of Metro. Seattle, 83 Wash. App. 464, 468, 921 P.2d 1098 (1996).
¶ 9 A plaintiff must show a viable legal theory upon which to predicate liability and facts to support a cause of action. See Halverson v. Skagit County, 139 Wash.2d 1, 3-4, 983 P.2d 643 (1999). Whether or not he or she has done so is a question of law. Our review is de novo. Kruse v. Hemp, 121 Wash.2d 715, 722, 853 P.2d 1373 (1993).
I. JOINT LIABILITY
¶ 10 As a general rule, Washington has abolished joint and several liability. RCW 4.22.070(1). However, the legislature has carved out three exceptions to joint and several liability, two of which are pertinent here: (1) where both tortfeasors are acting in concert, or (2) when a person is acting as an agent of another. RCW 4.22.070(1)(a). Because Yong Tao did not contribute to his damages, he is a fault free plaintiff and, therefore, if these defendants are liable, they are jointly and severally liable. RCW 4.22.070(1)(b).
II. AGENCY
¶ 11 Yong Tao asserts that his driver, the second driver, acted as an agent of the lead driver or, at least, that there is a question of fact as to whether the second driver was the lead driver's agent as they traveled to Portland. The lead driver responds that Yong Tao cannot show any agreement by the second driver to perform services for his brother, the lead driver, nor is there any showing of a right to control. The lead driver argues that the mere showing that there is a connection between the brothers is not legally sufficient to predicate liability.
¶ 12 The essential elements of an agency are control and consent. Moss v. Vadman, 77 Wash.2d 396, 402-03, 463 P.2d 159 (1969). Even a volunteer who agrees to assist another and agrees to the other's control and supervision can fall within the scope of a master-servant relationship. Baxter v. Morningside, Inc., 10 Wash.App. 893, 896-97, 521 P.2d 946 (1974). Significantly, the existence of agency always depends on the facts and circumstances of each case. See Stansfield v. Douglas County, 107 Wash.App. 1, 17-18, 27 P.3d 205 (2001).
¶ 13 Whether the lead driver controlled, or had the right to control, the second driver is disputed; certainly the lead driver says he had that right. Whether the second driver consented to that control is also disputed. The second driver says he agreed to follow the lead driver. A reasonable inference from this record is that the second driver consented to follow his brother, the lead driver, to Portland. The lead driver rented the vans. *1267 He knew the route. The lead driver told the two drivers to follow him. The second driver could not speak or read English, including many road signs. Simply put, the drivers agreed to follow the lead driver and did so. We conclude that the facts, viewed in a light most favorable to Yong Tao, would support a finding of both control and consent. Agency is then a question of fact for the jury and survives summary judgment. O'Brien v. Hafer, 122 Wash.App. 279, 284, 93 P.3d 930 (2004).
III. ACTING IN CONCERT
¶ 14 Defendants who act in concert are also jointly responsible for each other's conduct. RCW 4.22.070(1)(a). Acting in concert means consciously acting together in an unlawful manner. Kottler v. State, 136 Wash.2d 437, 448, 963 P.2d 834 (1998) (quoting Gilbert H. Moen Co. v. Island Steel Erectors, Inc., 75 Wash.App. 480, 487-88, 878 P.2d 1246 (1994), rev'd on other grounds, 128 Wash.2d 745, 912 P.2d 472 (1996)). All tort-feasors must actively engage in the conduct but there is no requirement that they intend to harm the plaintiff. Id. at 487, 878 P.2d 1246. A plaintiff must show a tacit agreement among the defendants to act in concert. Martin v. Abbott Labs., 102 Wash.2d 581, 596, 689 P.2d 368 (1984) (citing W. Prosser, TORTS, § 41, at 291-92 (4th ed.1971)).
¶ 15 To avoid summary dismissal, Yong Tao must first show that the driver of his van and the lead driver tacitly agreed to drive in a negligent or unlawful manner. It is not just participation in an unlawful enterprise but rather the agreed  express or tacit  participation in an unlawful enterprise that supports a conclusion of acting in concert. Moen, 75 Wash.App. at 486, 878 P.2d 1246 (quoting GREGORY C. SISK, Interpretation of the Statutory Modification of Joint and Several Liability: Resisting the Deconstruction of Tort Reform, 16 U. PUGET SOUND L.REV. 1, 103-05 (1992)). And that is what occurred here.
¶ 16 The three drivers formed a caravan. The lead driver drove the first van in the caravan. All agreed to follow the lead driver, in order, and all did so. All of the vans traveled in formation at speeds that witnesses said were unsafe for the conditions. All caravan drivers sped and passed cars on dangerous snowy and icy roads in violation of RCW 46.61.400.[1]
¶ 17 Drag racing, an example used by one commentator, can be compared to what happened here. SISK, supra, at 108. Here, all drivers drove at high speeds on snow and ice covered roads in an unreasonable and imprudent manner without regard to the hazards of the severe conditions. All drivers acted illegally, but only one actually inflicted injuries upon Yong Tao.
¶ 18 The lead driver argues that even assuming he acted in concert with the second driver, he did not engage in any wrongful conduct toward Yong Tao because he owed no duty to Yong Tao. We conclude in the next section of this opinion that the lead driver owed a duty to Yong Tao. We also conclude there is sufficient evidence for a jury to determine that the lead driver breached that duty and that the breach proximately resulted in Yong Tao's injuries.
¶ 19 Accordingly, we conclude that Yong Tao has submitted sufficient evidence to survive summary judgment on his concerted action claim.
IV. DUTY
¶ 20 Yong Tao alleges that the lead driver was negligent. Yong Tao must first show that the lead driver owed a duty to him or to a class or group that included him. Rasmussen v. Bendotti, 107 Wash.App. 947, 955, 29 P.3d 56 (2001). The lead driver argues there is no proximate cause between what he did, or failed to do, and Yong Tao's injuries. But we consider facts in the light most favorable to the nonmoving party. *1268 McCormick, 99 Wash.App. at 111, 992 P.2d 511.
¶ 21 The question whether a given defendant owes a duty is generally characterized as a question of law. Rasmussen, 107 Wash.App. at 955, 29 P.3d 56. But the conclusion that a given defendant owes a duty of care turns on whether injury or damage is foreseeable. See Seeberger v. Burlington N.R.R., 138 Wash.2d 815, 823, 982 P.2d 1149 (1999) (quoting Christen v. Lee, 113 Wash.2d 479, 492, 780 P.2d 1307 (1989)). And that is a question of fact, unless the facts of the injury are so highly improbable or extraordinary that we can conclude as a matter of law that they are not foreseeable. Id. (quoting McLeod v. Grant County Sch. Dist. No. 128, 42 Wash.2d 316, 323, 255 P.2d 360 (1953)).
¶ 22 The facts here, viewed in a light most favorable to Yong Tao, support the conclusion that the lead driver owed a duty to Yong Tao. The lead driver was the organizer of the dance performances. He set the schedule, including the trip to Portland, and the timing of the trip. The lead driver selected and assigned the drivers. He directed the order in which the vans would travel. And most importantly, the lead driver set the pace and instructed the second driver to follow at a prescribed distance. We cannot conclude that it was highly improbable or extraordinary that the accident and resulting injuries could occur under these facts.
¶ 23 Yong Tao has made an adequate showing that the accident was foreseeable and the lead driver owed him a duty of care. Consequently, we conclude that the lead driver owed Yong Tao a duty of care and that Yong Tao has made a prima facie case for acting in concert.
V. PROXIMATE CAUSE
¶ 24 The lead driver argues that duty or no duty, there is no proximate cause here. "The question of legal causation is so intertwined with the question of duty that the former can be answered by addressing the latter." Taggart v. State, 118 Wash.2d 195, 226, 822 P.2d 243 (1992). And legal causation turns on whether "a defendant's conduct should warrant legal liability as a matter of social policy and common sense." Doherty, 83 Wash.App. at 469, 921 P.2d 1098.
¶ 25 Causation in fact, as the name implies, is but for causation. Taggart, 118 Wash.2d at 226, 822 P.2d 243. Here, the question is: would the accident have happened but for the lead driver's conduct? We will decide that question as a matter of law only if "the causal connection is so speculative and indirect that reasonable minds could not differ." Doherty, 83 Wash.App. at 469, 921 P.2d 1098. Here, reasonable minds could conclude that an alleged act or omission by the lead driver was a but for cause and a legal cause of Yong Tao's injuries, which were incurred because of the negligence of the lead driver. Yong Tao's factual showing is sufficient to submit the question of negligence to a jury.

CONCLUSION
¶ 26 We reverse the summary dismissal and remand for trial. Given our resolution of the appellant's primary contentions, we need not address the additional theories he has advanced.
WE CONCUR: SWEENEY, C.J., and BROWN, J.
NOTES
[1] RCW 46.61.400 reads, in part, as follows:

(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.