FILED
NOVEMBER 22, 2016
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHELE L. ANDERSON, a single person, individually and as the Administrator of the ESTATE OF SHEILA M. ROSENBERG, | ) ) ) ) ) | No. 33889-4-III |
| Appellant, | ) ) | |
| v. | ) ) ) | UNPUBLISHED OPINION |
| SOAP LAKE SCHOOL DISTRICT, GRANT COUNTY, GRANT COUNTY SHERIFF'S DEPARTMENT, and CORPORAL ALLAN SLEEPER, and JOHN DOE(S), | ) ) ) ) ) ) | |
| Respondents. | ) | |

KORSMO, J. — Michelle Anderson and the estate of Sheila Rosenberg appeal from

the dismissal at summary judgment of their claims against the Soap Lake School District

(SLSD) alleging breach of duty, breach of contract, and negligent supervision of

basketball coach Igor Lukashevich. We affirm.

FACTS

SLSD hired Lukashevich in 2010. His prior job experience included playing

basketball for six years in school and volunteering as an assistant basketball coach.

Sheila Rosenberg played basketball for Lukashevich in 2011. Prior to joining a team,

students and their parents or guardians were required to sign the SLSD Activities Code Agreement (Activities Code). It outlined the expected code of conduct for student athletes.

During the 2011 basketball season, Ms. Rosenberg and her boyfriend, Pavel Turchik, both age 17, were killed when Turchik wrecked the vehicle they were in while driving 99 m.p.h. Shortly before the accident, the teens were socializing at the home of the 22-year-old Lukashevich. According to witnesses, Sheila and Pavel arrived at Lukashevich's home just after midnight. He allegedly provided them with liquor.

Ms. Anderson and the estate of Sheila Rosenberg filed a complaint for damages due to wrongful death against several defendants, including SLSD. The claims against the other defendants were dropped or settled. The trial court then granted summary judgment to SLSD. This appeal followed.

## ANALYSIS

Appellants contend that factual questions prevent summary judgment. They allege that SLSD breached its duty of care to Ms. Rosenberg, that the Activities Code is a contract of adhesion creating a heightened duty on SLSD to protect student athletes, and that SLSD was negligent in hiring, supervising, and training Lukashevich.

A motion for summary judgment presents a question of law reviewed de novo. *Osborn v. Mason County*, 157 Wn.2d 18, 22, 134 P.3d 197 (2006). A court will "construe the evidence in the light most favorable to the nonmoving party and grant

2

summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id.* (citation omitted). However, "'the existence of duty is a question of law,' not a question of fact." *Id.* at 23 (quoting *Tae Kim v. Budget Rent A Car Sys., Inc.*, 143 Wn.2d 190, 195, 15 P.3d 1283 (2001).

Washington recognizes that the special relationship between a school district and students gives rise to a duty to protect students from harms committed within the district's scope of authority. *McLeod v. Grant County Sch. Dist. No. 128*, 42 Wn.2d 316, 255 P.2d 360 (1953); *Scott v. Blanchet High Sch.*, 50 Wn. App. 37, 45, 747 P.2d 1124 (1987). A school district can be held liable even though school officials are unaware of the risks to the student. *McLeod*, 42 Wn.2d at 321-322. Districts have the responsibility "to anticipate dangers which may reasonably be anticipated, and to then take precautions to protect the pupils in its custody from such dangers." *Id.* at 320. A district has the duty of reasonable supervision over its students while they are in school or engaged in school activities, that is, when it has the "power to control the conduct of its students." *Peck v. Siau*, 65 Wn. App. 285, 292, 827 P.2d 1108 (1992).

As a matter of law, a school district does not owe a duty to a student when the link between the harm and the alleged negligent action is too remote. *Coates v. Tacoma Sch. Dist. No. 10*, 55 Wn.2d 392, 399, 347 P.2d 1093 (1960). There is no duty established if "the event causing the injuries is so distant in time and place from any normal school activity." *Id.* Likewise, a district cannot be liable under a theory of respondeat superior

for a teacher's alleged conduct when the district is unaware of any inappropriate behavior and does not authorize such conduct. *Scott*, 50 Wn. App. at 42-43; *Chappel v. Franklin Pierce Sch. Dist., No. 402*, 71 Wn.2d 17, 22-23, 426 P.2d 471 (1967).

Appellants' argument that the gathering at Lukashevich's was within the scope of the district's authority fails since SLSD had no way to anticipate the danger or exercise its supervision over Sheila Rosenberg at midnight on a Friday. *McLeod*, 42 Wn.2d at 320; *Scott*, 50 Wn. App. at 45. The mere presence of Lukashevich does not transfer authority over the party to the district. *Scott*, 50 Wn. App. at 42-43. There was no evidence produced suggesting that the gathering at Lukashevich's was a school-sponsored team event or that any other member of the SLSD women's basketball team was present on the night in question. Viewing all of the evidence in favor of the appellants, SLSD still did not owe a duty to Sheila on the night of the party. *Coates*, 55 Wn.2d at 398-399. The gathering at Lukashevich's home was so distant in time and place from any normal school activity that it was outside the district's authority, precluding its liability for any harm. *Id.*

Appellants next argue that the Activities Code is a contract of adhesion that created a heightened duty on SLSD to protect student athletes. "'A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty.'" *Corbit v. J. I. Case Co.*, 70 Wn.2d 522, 531, 424 P.2d 290 (1967) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 1

4

(1932)).[1] "A unilateral contract consists of a promise on the part of the offeror and performance of the requisite terms by the offeree." *Multicare Med. Ctr. v. Dept. of Soc. & Health Servs.*, 114 Wn.2d 572, 583, 790 P.2d 124 (1990), overruled in part by statute on other grounds as stated in Neah Bay Chamber of Commerce v. Dep't of Fisheries, 119 Wn.2d 464, 832 P.2d 1310 (1992) (citing *Higgins v. Egbert*, 28 Wn.2d 313, 317, 182 P.2d 58 (1947)). The party asserting the existence of a unilateral contract has the burden of proving each essential element of a unilateral contract. *Tacoma Auto Mall, Inc. v. Nissan N. Am., Inc.*, 169 Wn. App. 111, 129, 279 P.3d 487 (2012).

Exculptory clauses in agreements between student athletes and school districts that purport to release districts from negligence, are invalid because they violate public policy. *Wagenblast v. Odessa Sch. Dist. No. 1*, 110 Wn.2d 845, 848, 758 P.2d 968 (1988). "An action sounds in contract when the act complained of is a breach of a specific term of the contract." *Bank of Am. NT & SA v. Hubert*, 153 Wn.2d 102, 124, 101 P.3d 409 (2004).

SLSD cannot be held liable for "breach of contract." *Id.* Though the Activities Code is an *agreement* between SLSD and its student athletes, it bears none of the hallmarks of a legal *contract*. If a student athlete fails to follow the Activities Code, she is suspended from team play. Meanwhile, SLSD's implied obligation under the

---

[1] The word "contract" does not carry the same meaning as the word "agreement." *Corbit*, 70 Wn.2d at 531.

5

Activities Code is to provide the athlete a team on which to play—and student participation in sports is not a fundamental right that the law recognizes as a district's duty. *See Wagenblast*, 110 Wn.2d at 853-854. Ultimately, though adhesive, the Activities Code does not declaim SLSD's liability for negligence and therefore does not violate public policy.

Appellants also argue SLSD was negligent in hiring, supervising, and training Lukashevich. It is a basic principle of the law of agency that "an employer may be liable to a third person for the employer's negligence in hiring or retaining [an employee] who is incompetent or unfit." *Peck*, 65 Wn. App. at 288 (quoting *Scott*, 50 Wn. App. at 43). For school districts, the controlling criterion is, considering all the facts and circumstances, whether in the exercise of reasonable care the district knew or should have known the employee "constituted a risk or danger to its students." *Id*. at 294.

SLSD's hiring, supervision, and training of Lukashevich as head coach was not negligent. SLSD's athletic director interviewed Lukashevich for the coaching position and found him qualified to coach. Lukashevich attended SLSD, played basketball as a middle and high school student, and SLSD provided Lukashevich the oversight typical for coaches in his position. During Lukashevich's earlier tenure as an assistant coach, there was no evidence to indicate any unfitness.

Appellants have failed to establish that SLSD is liable for Ms. Rosenberg's tragic death. The trial court correctly granted summary judgment in SLSD's favor.

No. 33889-4-III
*Anderson v. Soap Lake Sch. Dist.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.